DECISION AND JUDGMENT
{¶ 1} This cause is before the court on appeal from a judgment of the Huron County Court of Common Pleas.
 {¶ 2} As of September 2005, appellees, Michael and Sharen Gravelle, resided with their 10 adopted children. However, an investigation of appellees' home by the Huron County Department of Job and Family Services revealed a number of cage-like structures in which the children were allegedly confined. As a result, the children were removed from appellees' care. *Page 2 
 {¶ 3} On February 14, 2006, the Huron County Grand Jury issued 30 count separate, but identical, indictments against each appellee[1]. Appellees subsequently filed a joint motion to dismiss Counts XXV through XXX of their indictments. Counts XXV through XXXIX allege charges of falsification, each being, respectively, a violation of R.C. 2921.13(A)(1), 2921.13(A)(3), 2921.13(A)(4), 2921.13(A)(5), and2921.13(A)(10). Count XXV of the indictment claims that the falsifications occurred between July 26, 1998 and December 1, 1998. Count XXVI asserts that the offense occurred between July 1998 through April 13, 1999. Count XXVII is predicated on falsifications made between September 13, 1999 and December 18, 2000; Count XXVIII addresses falsifications allegedly made between February 2, 2002 and June 10, 2003; and Count XXXIX maintains that the falsifications happened between February 3, 2002 and September 8, 2005.
 {¶ 4} It is undisputed that the supposed lies or falsehoods told by appellees when adopting each child were (1) that the couple met at church-they actually met at a sex offenders' group; (2) they never participated in individual or group therapy; and (3) the only contact that appellees had with children services agencies was for the purpose of adoption. These false statements were allegedly made by appellees in applications and "official proceedings" during the adoption process. Each of the aforementioned counts further claim that the acts of falsification are part of a course of continuing conduct. All of these charges are misdemeanors of the first degree, see R.C. 2921.13(E)(1). *Page 3 
 {¶ 5} Count XXX in each indictment raises an allegation of perjury, a violation of R.C. 2921.11(A), and a felony of the third degree. This count in each indictment claims that appellees made false statements while under oath in a continuous course of criminal conduct between September 4, 1996 and November 17, 1997 and were purportedly made for the purpose of obtaining governmental benefits and services by adopting one of the 10 children who were later removed from appellees' care.
 {¶ 6} In their joint motion to dismiss, appellees argued that the charges of falsification and perjury were not brought within the time period provided in the pertinent statute of limitations, as set forth in R.C. 2901.13. Specifically, R.C. 2901.13 (A)(1)(a) bars prosecution for a felony unless it is commenced within six years after the offense is committed, and R.C. 2901.13 (A)(1)(b), which precludes the prosecution for any misdemeanor other than a minor misdemeanor, unless it is commenced within two years after the offense is committed.
 {¶ 7} Appellant contended that because there was an element of fraud in each of the falsification and perjury charges, the state timely brought those charges under R.C. 2901.13(B), within one year after the discovery of the offense. Appellant further asserted that because each count alleged a continuing course of conduct within the meaning of R.C. 2901.13(D), the statute of limitations did not begin to run until either appellees' course of conduct or their accountability for that conduct terminated, whichever came first. *Page 4 
 {¶ 8} After holding a hearing on, among other things, appellees' joint motion to dismiss Counts XXV to XXX of the indictment, the trial court entered a judgment granting appellees' motion to dismiss as to Counts XXV, XXVI, XXVII, XXVIII, and XXX. The court determined that that the statute of limitations for each of these counts began on the date of the alleged offense and that the state failed to provide any dates on which the falsifications occurred in its Bill of Particulars. With regard to Count XXXIX, the lower court held:
 {¶ 9} "In this case the State will have to prove at trial that the false statement upon which Count 29 is premised occurred on or after February 14, 2004. If the State is claiming a continuing course of criminal activity, it will have to prove that the course of criminal activity as alleged in Count 29 occurred after February 14, 2004. If the State offers such proof, the matter goes to jury. If the State fails to offer such proof, Count 29 will be subject to a motion for acquittal under Cr. R. 29 [sic]."
 {¶ 10} Apparently, appellant failed to offer any proof at trial relating to the common pleas court's judgment on Count XXXIX. Therefore, Count XXXIX did not go to the jury, that is, Count XXXIX was also barred by the two year statute of limitations set forth in R.C. 2901.13(A)(1)(b). Appellant appeals the court's dismissal of Counts XXV through XXX and asserts the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN DISMISSING THE FALSIFICATION COUNTS ON STATUTE OF LIMITATIONS GROUNDS." *Page 5 
 {¶ 12} "II. IT WAS ERROR FOR THE COURT TO DISMISS THE PERJURY COUNT ON STATUTE OF LIMITATIONS GROUNDS."
 {¶ 13} "III. THE COURT ERRED IN ANNOUNCING AN EVIDENTIARY RULING REGARDING FALSIFICATION AND MERCY ANNE INVOLVING THE STATUTE OF LIMITATIONS WHICH EFFECTIVELY DESTROYED ANY CHANCES OF PROSECUTION ON THAT COUNT."
 {¶ 14} In Assignment of Error I, appellant contends that the trial court erred as a matter of law in granting appellees' motion to dismiss Counts XXV through XXXIX because the offense of falsification, as set forth in those counts, does contain an element of fraud. Therefore, appellant claims that the trial court should have applied the savings statute, R.C. 2901.13(B), and found that the falsification counts in the indictment were timely commenced.
 {¶ 15} The central purpose of a statute of limitations "is to limit exposure to prosecution to a certain fixed period of time" after the occurrence of an act that the legislature has determined is subject to criminal sanctions. State v. Climaco, Climaco, Seminatore, Lefkowitz Garofoli Co., L.P.A., 85 Ohio St.3d 582, 586, 1999-Ohio-408("Climaco"). Statutes of limitations are not enacted with the intent to provide criminal offenders with an opportunity "to avoid responsibility for their criminal conduct." Id. Rather, these statutes are enacted to "discourage inefficient or dilatory law enforcement." Id. *Page 6 
 {¶ 16} As noted above, R.C. 2901.13(A)(1)(b) bars the prosecution of minor misdemeanors of the first degree unless the criminal action is commenced within two years after the offense is committed. R.C. 2901.13(E) defines "commenced," as "the date an indictment is returned, or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first." Appellant has the burden of proving that, absent any exception, prosecution on the falsification charges in Counts XXV through XXXIX were commenced within the requisite two years. State v. King (1995), 103 Ohio App.3d 210, 212.
 {¶ 17} Here, it is undisputed that the date the indictment was returned was February 14, 2006. Therefore, it is plain on the face of this indictment that the two year statute of limitations found in R.C. 2901.13(A)(1)(b) did run on all of the charged first degree misdemeanors. Nonetheless, the state maintains, as it did below, that Counts XXV through XXXIX were saved under R.C. 2901.13(B), which reads, in material part:
 {¶ 18} "If the period of limitation provided in division (A)(1) * * * has expired, prosecution shall be commenced for which an element is fraud * * * within one year after the discovery of the offense either by an aggrieved person, or by the aggrieved person's legal representative who is not a party to the offense."
 {¶ 19} In Climaco, the Ohio Supreme Court was asked to determine whether the trial court erred in finding that the state's claims of falsification, made pursuant to R.C. 2921.13(A)(7), against members of a law firm were governed by R.C. 2901.13(A)(1)(b) *Page 7 
and were, therefore, untimely filed. Id. at 585.[2] The state argued that the tolling provision in R.C. 2901.13(F) applied; thus, the two year statute of limitations in R.C. 2901.13(A)(1)(b) was inapplicable. Id. at 587. This section reads: "The period of limitation shall not run during any time when the corpus delecti remains undiscovered." TheClimaco majority rejected the applicability of R.C. 2901.13(F) in that case and decided that the state's claims were barred by R.C. 2901.13(A)(1)(b). Id. The majority, in a footnote, also found that R.C. 2901.13(B) did not apply in that particular instance because the statute of limitations had not expired. Id. at 585 fn. 2.
 {¶ 20} In his dissent, Chief Justice Thomas Moyer held that in reading R.C. 2901.13(F) together with R.C. 2901.13(A)(2), the state's claims were timely filed. Id. at 592. The chief justice also opined:
 {¶ 21} "Finally, an examination of R.C. 2901.13(B), which applies, as relevant herein, to prosecutions for `an offense of which an element of fraud' is necessary.
 {¶ 22} As does the majority, I reject the contention that R.C. 2901.13(B) is applicable to this case. The crime of falsification set forth in R.C. 2921.13 simply does not contain fraud as one of its elements. Cf State v. Becker (Mo. 1997), 938 S.W.2d 267. While every instance of fraud involves a lie or misrepresentation, not every lie or misrepresentation constitutes legal fraud. * * * It bears reinforcement that the critical inquiry here is not whether the misrepresentation allegedly made by the appellant actually constituted fraud-the critical inquiry is whether the state was required to prove fraud in *Page 8 
order to obtain a conviction of R.C. 2921.13(A)(7). It was not. Because fraud is not an element of the offense proscribed by R.C. 2921.13, subsection (B) of the statute is inapplicable to the case at bar, and we need not interpret any inconsistencies that may exist between that subsection and other subsections of R.C. 2901.13." Id. at 592-593.
 {¶ 23} Appellant distinguishes the falsification charge inClimaco by asserting that it was brought pursuant to R.C. 2901.13(A)(7), while the falsification charges in this case involve 2921.13(A)(1), 2921.13(A)(3), 2921.13(A)(4), 2921.13(A)(5), and 2921.13(A)(10). We do not find this argument persuasive. Simply put, the one year savings statute found in R.C. 2901.13(B) is inapplicable to Counts XXV through XXVIII (Count XXXIX will be addressed in our disposition of appellant's Assignment of Error No III), and the claims of falsification found in Counts XXV through XXVIII are prohibited by the two year statute of limitations found in R.C. 2901.13(A)(1)(b). Accordingly, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 24} In Assignment of Error No. II, the state argues that the court below erred in dismissing Count XXX, the count alleging perjury, on the ground that it was barred by the relevant statute of limitations. Count XXX asserts that from September 4, 1996 through November 1997, and as a continuing course of criminal conduct, appellees knowingly made material false statements under oath or other affirmation in official proceedings in the Ohio counties of Huron, Summit, and Cuyahoga, thereby violating *Page 9 
R.C. 2921.11(A), a felony of the third degree[3]. According to appellant's Bill of Particulars, Count XXX involved the adoption of "Abba" and an unknown Chinese child in Cuyahoga County. The alleged lies, i.e., that appellees met in a church group and that their only contact with children services agencies was for the purpose of adoption, were made in a home study and questionnaire that was used in various counties in determining whether or not the public or private children services agencies would allow these adoptions.
 {¶ 25} R.C. 2901.13(A)(1)(a) requires that prosecution for a felony is barred unless it is commenced within six years after the offense is committed. As stated infra, the alleged perjury occurred, at the latest, in November 1997. The indictment alleging that appellees committed perjury was returned in February 2006, approximately three years after the statute of limitations lapsed. Appellant maintains, however, that the perjury constituted a "fraud on the court" and thus the state's cause of action is saved pursuant to R.C. 2913.01(B). The trial court rejected this reasoning, finding that fraud need not be demonstrated in proving the offense of perjury. We agree with the trial court and, once again, reject the state's assertion that the dissent in Climaco is somehow dispositive of the statute of limitations question. Accordingly, appellant's Assignment of Error II is found not well-taken. *Page 10 
 {¶ 26} Appellant's Assignment of Error No. III addresses Count XXXIX of the indictment. In this assignment of error, appellant claims that the trial court abused its discretion by, in essence, holding that the state must offer evidence of "continued lying" with regard to the placement and/or adoptions of R.J., J.R., and Mercy Ann past February 14, 2004. Appellant also reiterates its arguments regarding fraud as an element of falsification for the purpose of R.C. 2901.13(B), the savings statute. Finally, appellant maintains, in essence, that the trial court erred in failing to find that the "effects" of the lies told by appellees to various county and/or private children services agencies were part of a continuous course of conduct. Therefore, relying on the exception in R.C. 2901.13(D), appellant asserts that the falsification charge in Count XXXIX was not barred by the two year statute of limitations found in R.C. 2901.13(A)(1)(a).
 {¶ 27} Because we have concluded that the elements of fraud need not be established in proving the falsification charge in Count XXXIX, we find appellant's arguments in this regard meritless. Furthermore, we conclude that the trial court was correct in requiring appellant to supply the dates of the alleged falsifications in Count XXXIX.
 {¶ 28} In his decision, the trial judge addressed appellant's allegation that the false statements made to public officials were made as part of a continuing course of conduct. The court found that the offense of falsification was complete at the time that each of the allegedly false statements were made to the respective governmental agencies. In the indictment, appellant alleged only that the false statements were made sometime between *Page 11 
February 3, 2002 and September 8, 2005, but failed to include any specific dates on which the alleged statements were made during the placement and/or adoption of children in the custody of the state in three different counties (one of these counties was in a different state.). Therefore, the court below concluded that in order for the savings statute found in R.C. 2913.01(D) to apply, appellant was required to prove at trial that appellees made the alleged false statements in the course of continuing criminal conduct, that is, to provide evidence of the fact that false statements were made on or after February 14, 2004, a date two years prior to the date that the indictment was returned.
 {¶ 29} R.C. 2901.13(D) states that: "[A]n offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first." R.C. 2921.13
sets forth the following offenses that were charged in Count XXXIX:
 {¶ 30} "(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following apply:
 {¶ 31} "(1) The statement was made in an official proceeding.
 {¶ 32} "* * *.
 {¶ 33} "(3) The statement was made with purpose to mislead a public official in performing the public official's official function. *Page 12 
 {¶ 34} "(4) The statement is made with purpose to secure the payment of * * * benefits administrated by a governmental agency or paid out of the public treasury."
 {¶ 35} "(5) The statement is made with the purpose to secure the issuance by a governmental agency of a license, permit, authorization, certificate, registration, release, or provider agreement.
 {¶ 36} "* * *.
 {¶ 37} "(10) The statement is knowingly made to a probate court in connection with any action, proceeding, or other matter within its jurisdiction, either orally or in a written document, including, but not limited to, an application, petition, complaint or other pleading, or an inventory, account, or report."
 {¶ 38} In State v. Rodriguez, 8th Dist. No. 89198, 2007-Ohio-68, the court was presented with a scenario very similar to the one before us. In that case, Rodriguez was charged with 17 counts of tampering with evidence. Id. at ¶ 1. These counts were based upon the defendant's presentation of a "fake social security card" to the motor vehicle registrar's office in order to obtain the title to various motor vehicles. Id. As in this case, the state merely asserted that Counts 1-10 of the indictment happened between November 16, 1997 and March 29, 2000.
 {¶ 39} On appeal, Rodriguez contended that the six year statute of limitations had run on ten of the counts in the indictment. Id. at 18. Citing R.C. 2901.13(D), the state argued that the statute of limitations did not apply because the defendant engaged in a continuous "course of conduct by repeatedly using a social security number that did not *Page 13 
belong to him." Id. at ¶ 23. The Eighth Appellate District declined to apply R.C. 2901.13(D) to save Counts 1 through 10, finding:
 {¶ 40} "The 17 counts of the indictment related to 17 different applications for a motor vehicle. All 17 of these applications used the same fraudulent social security number. These 17 offenses were distinct, and each offense was completed when Rodriquez [sic] made the application for a title." Id. at ¶ 25.
 {¶ 41} As in Rodriguez, the alleged false statements made by the Gravelles were each a discrete act when made for the purposes set forth in 2921.13(A)(1), 2921.13(A)(3), 2921.13(A)(4), 2921.13(A)(5), and 2921.13(A)(10). That is, each element of the offenses listed in Counts XXV through XXXIX was completed at the time each statement was made. Therefore, the common pleas court did not err, for statute of limitations purposes, in requiring the state to provide the date that each offense of falsification allegedly occurred. As a result, we find appellant's Assignment of Error No. III not well-taken.
 {¶ 42} Based upon the foregoing, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
[1] The common pleas court later consolidated the two cases.
[2] The trial court held that the indictment charging falsification was timely filed and proceeded to trial. Id. at 584.
[3] R.C. 2921.11(A) reads: "No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material." *Page 1