JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal assigned to the accelerated calendar pursuant to App. R. 11.1 and Loc. App. R. 11.1, defendant-appellant Kevin Hughley, proceeding pro se, appeals from his convictions after he entered no contest pleas to one count of falsification (a fourth-degree misdemeanor), together with two counts of forgery, one count of insurance fraud, and one count of theft (all fifth-degree felonies).
 {¶ 2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 3} Hughley presents two assignments of error. He claims the trial court improperly denied his motion to dismiss the indictment against him without setting forth its "essential findings on the record" as required by Crim. R. 12(F).[1]
 {¶ 4} He further asserts the state failed to indict him on the instant charges within the applicable time limitation periods contained in R.C. 2901.13(A)[2]; therefore, the trial court should have granted his motion to dismiss this case. This court finds his second assertion to have merit. *Page 3 
 {¶ 5} The App. R. 9(A) record reflects Hughley initially was indicted on the instant charges in CR-466698 on June 8, 2005. The date these offenses occurred was alleged to be October 13, 1998. Thus, on the face of the indictment, the statute of limitations had expired. Hughley raised the issue of the timeliness of the prosecution, but the trial court denied his motion without opinion.
 {¶ 6} On July 11, 2007, the scheduled date of trial, the court dismissed the case, but the dismissal was "without prejudice." The court's journal entry noted that a state's witness failed to appear.
 {¶ 7} On September 6, 2007, the state re-indicted Hughley in CR-500474; the date of the offenses remained as "October 13, 1998." Once again, Hughley filed a motion to dismiss the case based upon R.C. 2901.13(A).
 {¶ 8} Hughley's motion, however, as it is contained in the record on appeal, lacks a final page. Consequently, there is nothing to demonstrate that Hughley requested the court to state its essential findings on the record. App. R. 11.1(B).
 {¶ 9} "In order to invoke the rule, the defendant must request that the court state its essential findings of fact in support of its denial of a motion." State v. Eley, 77 Ohio St.3d 174 at 179, 1996-Ohio-323
(citations omitted). Hughley's failure to make such a request has waived his first claim of error. Id. *Page 4 
 {¶ 10} Hughley's second assignment of error challenges the merits of the trial court's decision to deny his motion to dismiss the indictment.
 {¶ 11} The record reflects the trial court denied his R.C. 2901.13
motion to dismiss on the scheduled date of trial; at that point, Hughley entered pleas of no contest to the charges. Since Hughley filed his appeal pursuant to App. R. 9(A), the record contains no transcripts.
 {¶ 12} This court has permitted the state to file a supplemental record in this appeal. The state argues in its appellate brief that, as the supplemental record demonstrates, Hughley's "criminal activity" was undiscovered until September 9, 1999, therefore, the indictment in CR-466698 was timely, since it was filed within six years of the "discovery." The state further argues that since the indictment against Hughley in CR-466698 was timely filed, the re-indictment on the same charges also was timely.
 {¶ 13} In making this argument, the state relies upon R.C. 2903.13(F). This subsection tolls the period of limitations "during any time when the corpus delecti of the crime remains undiscovered."
 {¶ 14} The trial court obviously accepted the state's argument in declining to dismiss the charges against Hughley. However, the trial court's decision constituted error. *Page 5 
 {¶ 15} The central purpose of a criminal statute of limitations is to limit a person's exposure to prosecution to a certain fixed period of time; such a law is enacted to discourage dilatory law enforcement.State v. Gravelle, Huron App. Nos. H-06-042-H-06-045, 2008-Ohio-4031, ¶ 15, citing State v. Climaco, Climaco, Seminatore, Lefkowitz GarofoliCo., L.P.A., 85 Ohio St.3d 582, 586, 1999-Ohio-408. The prosecution has the burden to prove the indictment was timely filed. Id., ¶ 16.
 {¶ 16} A criminal action is "commenced" on the date an indictment is returned. R.C. 2901.13(E). The indictment against Hughley, therefore, was returned on June 8, 2005. The state provides no law that would support a conclusion that the re-indictment of a criminal matter "relates back" to the date of the original indictment for purposes ofthe statute of limitations.
 {¶ 17} R.C. 2901.13(H) specifically states that the limitations period is tolled only "during any time a prosecution against the accused based on the same conduct is pending." (Emphasis added.) Thus, once the state dismissed the original indictment, no case against Hughley was pending, and the statute of limitations expired.
 {¶ 18} Were the state's argument in this case valid, the entire purpose of R.C. 2901.13(A) would be negated; it would subject a person to any type of *Page 6 
criminal liability, at the prosecutor's whim, "indefinitely, with virtually no time limit." Climaco, supra, at 587-588.[3]
 {¶ 19} The record thus reflects the trial court erred in denying Hughley's motion to dismiss the indictment in CR-500474.
 {¶ 20} Hughley's second assignment of error, consequently, is sustained.
 {¶ 21} Convictions reversed. This matter is remanded to the trial court with instructions to order Hughley discharged.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court with instructions to order appellant's discharge.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Hughley mistakenly cites subsection "(K)" in his appellate brief.
[2] R.C. 2901.13(A)(1)(a) requires prosecutions for felony offenses to be commenced within six years of the date of the offense. Subsection (A)(1)(c) bars the prosecution of minor misdemeanors unless criminal action is commenced within six months of the date of the offense.
[3] It also should be noted that, even in CR-466698, count one, falsification, was time-barred pursuant to R.C. 2901.13(A)(1)(c). *Page 1