[Cite as *Cleveland v. Graham*, 2014-Ohio-3413.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100394**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**CHARLES GRAHAM**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 CRB 024673

**BEFORE:** E.T. Gallagher, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

BY:   Connor P. Nathanson
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Charles Graham ("Graham"), appeals his conviction for criminal damaging. Finding no merit to the appeal, we affirm.

{¶2} In July 2011, Graham was indicted by the city of Cleveland ("the city") for criminal damaging under Cleveland Codified Ordinance 623.02,[1] in connection with an incident at Edgewater Park in Cleveland that occurred on or about July 5, 2011. Graham's ex-girlfriend, Allyce Mitchell ("Mitchell"), accused him of throwing rocks through her car windows, breaking both the front windshield and the rear window. A summons was issued; however, Graham failed to appear for the arraignment. A capias was issued and subsequently a warrant for his arrest. The warrant was executed, and Graham was arrested in July 2013. He pled not guilty.

{¶3} The first pretrial was called on July 18, 2013, and was continued to August 1 at Graham's request. At the August 1 pretrial, the case was set for trial on August 13, 2013, at Graham's request. Graham was represented by the public defender's office on both of these occasions, but by two different attorneys.

---

[1] Section 623.02 of the Codified Ordinances of the City of Cleveland is identical to R.C. 2909.06, criminal damaging or endangering.

{¶4} On August 13, 2013, defense counsel made an oral motion to dismiss, arguing that Graham's speedy trial rights had been violated. The trial court denied the motion. Defense counsel also made an oral motion to continue the trial, which the trial court also denied. The case proceeded to a bench trial. Graham was found guilty and was sentenced to 30 days in county jail, with credit for 29 days served and one day held in abeyance pending this appeal.

{¶5} Graham now appeals, raising four assignments of error.

### Ineffective Assistance of Counsel

{¶6} In his first assignment of error, Graham argues that he was not afforded effective assistance of counsel.

{¶7} In order to sustain an ineffective assistance of counsel claim, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶8} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538

N.E.2d 373 (1989), paragraph three of the syllabus; *Strickland* at 686. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

{¶9} In the instant case, Graham claims that his trial counsel was ineffective because 1) he was unprepared for trial, and 2) he failed to subpoena any witnesses. Defense counsel stated on the record that he had not been aware that the August 13 court date was in fact the trial date and that he moved for a continuance of the trial due to his being unprepared. However, the record illustrates that the public defender's officer represented Graham during all three court appearances. Trial counsel was present for the first pretrial, while a second public defender represented Graham during the second pretrial. Counsel claimed that there was a breakdown within his office regarding Graham's representation.

{¶10} However, the record illustrates that defense counsel proceeded to represent Graham during the bench trial. Having reviewed the record, counsel adequately cross-examined the only prosecution witness, Mitchell. Apart from claiming that defense counsel was ineffective, Graham has not set forth any specific instance or example of his ineffectiveness, nor of the ways in which he was prejudiced by his counsel's performance.

{¶11} In addition, defense counsel admitted to having failed to subpoena any witnesses. "In order to obtain a reversal on ineffective assistance of counsel based on a failure to subpoena a witness, a defendant must demonstrate that the testimony of the witness would be of significant assistance to the defense." *State v. Varner*, 5th Dist. Stark No. 98CA00016, 1998 Ohio App. Lexis 4707 (Sept. 14, 1998), quoting *State v. Reese*, 8 Ohio App.3d 202, 203, 456 N.E.2d 1253 (1st Dist.1982).

{¶12} In the instant case, Graham argues in his brief that the unsubpoenaed witnesses would have been "vitally important" to the case. However, the record is devoid of a proffer of the testimony that Graham's mother, sister, or employer would have given. Therefore, based on the record, we find Graham is unable to demonstrate how these witnesses and their testimony would have been of significant assistance to his defense, or how he was prejudiced by their absence.

{¶13} It is evident from the record that Graham was afforded a fair trial and that substantial justice was done. *See State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus. Accordingly, Graham's first assignment of error is overruled.

## Motion to Continue Trial

{¶14} In his second assignment of error, Graham argues that the trial court erred in not granting his motion to continue the trial.

{¶15} The decision to grant or deny a motion for continuance is left to the broad and sound discretion of the trial judge, and an appellate court may not disturb the trial court's ruling absent an abuse of discretion. *Cleveland v. Washington*, 8th Dist. Cuyahoga Nos. 97945 and 97946, 2013-Ohio-367, ¶ 11, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981).

{¶16} A reviewing court determines on a case-by-case basis whether the trial court's denial of a continuance motion was so arbitrary as to deprive the defendant of due process, paying particular attention to the reasons presented to the trial judge at the time the request was denied. *Unger* at 67. In determining whether the trial court abused its discretion, an appellate court "weighs * * * any potential prejudice to a defendant [against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Id.*

{¶17} As in the first assignment of error, Graham argues that the trial court abused its discretion in denying his motion to continue due to his counsel's being unprepared and counsel's admitted failure to subpoena any witnesses for Graham's defense. However, there is ample evidence that the trial court's decision was neither arbitrary nor prejudicial.

{¶18} The defense counsel present during the second pretrial was fully aware of the trial date. The original defense counsel made reference to his vacation but subsequently admitted on the record that neither he, nor co-counsel, were able to

get the subpoenas out prior to August 13, 2013, an indication to the court that they were both aware of the trial date. Furthermore, the city's witness was present and ready to testify on the date for which the trial had been set. The city objected to the defense motion to continue, arguing that the city was prepared to move forward. Graham himself had been in jail for 29 days pending trial. The case itself had been pending for two years. Furthermore, as stated above, defense counsel failed to proffer the testimony that any defense witnesses would have given.

{¶19} Thus, Graham has failed to provide any evidence that the trial court's decision to deny Graham's motion to continue was arbitrary, nor that he was deprived of his due process rights as a consequence of the denial. We find that the trial court did not abuse its discretion in denying Graham's motion for a continuance.

{¶20} Accordingly, Graham's second assignment of error is overruled.

### Rule 29 Motion

{¶21} In his third assignment of error, Graham argues that the trial court erred in denying his Rule 29 motion to dismiss made at the conclusion of the case presented by the city.

{¶22} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether,

after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶23} In the instant case, Graham was convicted of criminal damaging, in violation of Cleveland Codified Ordinance 623.02, which provides:

> (A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent: * * *

> (B) Whoever violates this section is guilty of criminal damaging or endangering, a misdemeanor of the second degree.

Graham argues that the city's case was based purely on circumstantial evidence and, therefore, the trial court erred in denying his Crim.R. 29 motion to dismiss.

{¶24} Proof of guilt may be made by circumstantial evidence, real evidence, and direct evidence, or any combination of the three, and all three have equal probative value. *State v. Nicely*, 39 Ohio St.3d 147, 529 N.E.2d 1236 (1988); *Jenks* at syllabus.

{¶25} Moreover, "circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." *Jenks* at paragraph one of the syllabus. Indeed, "circumstantial evidence * * * may also be more certain, satisfying and persuasive than direct evidence." *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).

{¶26} "'Circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 75, quoting *State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990).

{¶27} In the instant case, Mitchell testified at trial that she and her sister had driven to Edgewater Park to play catch and to swim. When they arrived, Mitchell saw Graham, her boyfriend at the time, in the parking lot. Mitchell and Graham were having troubles in their relationship; she testified to having been afraid of him. Due to this fear, she moved her car to another parking spot closer to where she and her sister were going to be located at the park.

{¶28} After a short swim, Mitchell and her sister returned to her car, only to hear glass shattering just prior to coming into view of the vehicle. Once Mitchell reached the top of the hill, from the beach below, she saw Graham standing inches from her car. Mitchell testified that when Graham saw her, he ran away. Mitchell found both her front windshield and back window shattered, and multiple rocks inside her car.

{¶29} Thus, after viewing the evidence in a light most favorable to the prosecution, we find sufficient evidence to establish the essential elements of

criminal damaging. The trial court did not err in denying Graham's Crim.R. 29 motion. Accordingly, Graham's third assignment of error is overruled.

## R.C. 2901.13

{¶30} In his fourth assignment of error, Graham argues that the trial court erred in not dismissing the case due to the violation of his right to be brought to trial within two years, pursuant to R.C. 2901.13.

{¶31} Graham asserts that the charge against him was barred by the applicable statute of limitations contained in R.C. 2901.13(A)(1)(b) that provides:

> (A)(1) Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
>
> * * *
>
> (b) For a misdemeanor other than a minor misdemeanor, two years.

R.C. 2901.13(E) provides that in order to "commence" a prosecution, the City must not only issue a "warrant, summons, citation or other process" but also exercise "reasonable diligence" in executing the same.

{¶32} The central purpose of a criminal statute of limitations is to limit a person's exposure to prosecution to a certain fixed period of time; such a law is enacted to discourage dilatory law enforcement. *State v. Hughley*, 8th Dist. Cuyahoga No. 90948, 2008-Ohio-5127, at ¶ 15; citing *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, 85 Ohio St.3d 582, 586, 709 N.E.2d

1192 (1999). The prosecution has the burden to prove the indictment was timely filed. *Id.* at ¶ 16.

{¶33} In the instant case, the docket reflects that the complaint and summons were filed on July 14, 2011. The original summons was then sent via certified mail to Graham. After his failure to appear at his arraignment, a capias was issued. Another summons was sent via certified mail on August 1, 2011, but was returned unclaimed. A warrant was then issued for his arrest. Graham was arrested on July 14, 2013, within the two-year statute of limitations.

{¶34} Accordingly, Graham's fourth assignment of error is overruled.

{¶35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR