[Cite as *Cleveland v. Thompson*, 2015-Ohio-412.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101038

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**RAMON THOMPSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 CRB 037971

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEY FOR APPELLANT**

Joseph E. Feighan, III
14516 Detroit Avenue
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

BY:    Victor R. Perez
Chief City Prosecuting Attorney

Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Ramon Thompson ("Thompson"), appeals his conviction for domestic violence. Finding no merit to the appeal, we affirm.

{¶2} On December 8, 2013, Thompson was arrested after an argument with Tiffany Baldwin ("Baldwin") turned physical. Thompson was charged with domestic violence, in violation of R.C. 2919.25. On December 11, 2013, Thompson pleaded not guilty.

{¶3} On January 8, 2014, the case proceeded to a bench trial. Baldwin testified that on December 8, 2013, Thompson and her mother, Julia Carter ("Carter"), began arguing. Both Baldwin and Thompson lived in Carter's home. Baldwin became involved in the argument when Thompson "got in her face." The situation escalated when Thompson kicked Baldwin, twice in the shin and once in the stomach. Baldwin was pregnant at the time and alleged that Thompson was aware of the pregnancy.

{¶4} After being found guilty by the bench, on January 22, 2014, the day of his sentencing hearing, Thompson filed a motion for a new trial, contending irregularity and misconduct had occurred in his trial. Specifically, he argued that Baldwin had prevented Carter from being subpoenaed for trial.

{¶5} The trial court addressed Thompson's motion prior to his sentencing hearing, in open court and on the record. Thompson's counsel informed the court that he had replaced his colleague, Thompson's initial public defender, on the eve of trial. In support of the motion, counsel argued he had not prepared for the trial, had not reviewed Thompson's file until the night before the trial, and, although the record indicates that the initial public defender assigned to Thompson did seek discovery from the prosecutor, counsel never reviewed it. Counsel also

alleged that after the trial, Thompson informed him that Carter had not been subpoenaed and that he had wanted her to testify.

{¶6} The trial court denied Thompson's motion, pointing out that had counsel been so unprepared he could have brought that to the court's attention prior to trial and sought a continuance. The trial court proceeded with sentencing. Thompson was sentenced to 180 days in jail, with 45 days credit for time served and 135 days suspended, as well as one year of probation.

{¶7} Thompson now appeals, arguing in his sole assignment of error that he was denied his right to effective assistance of counsel based on his attorney's failure to move the court for a continuance of the trial.

{¶8} To substantiate a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 25 Ohio St.3d 144, 495 N.E.2d 407 (1986). In *State v. Bradley*, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if the defendant fails to prove the second prong of prejudicial effect. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "The object of an ineffectiveness claim is not to grade counsel's performance." *Id*. at 143.

{¶9} Thompson argues he was denied effective assistance of counsel when counsel failed to move for a continuance of the trial based on his lack of preparedness for trial. Thompson argues counsel was unprepared since he was not familiar with the case and because he failed to subpoena Carter as a defense witness.

**{¶10}** Regarding counsel's lack of preparation, the record indicates that Thompson was initially represented by a different public defender, although the record is unclear as to when the transfer of the case file from one public defender to another occurred. Furthermore, the transcript reveals that counsel told the court he was prepared to proceed with the bench trial on the morning of January 8, 2013. (Tr. 2.) Having reviewed the record, we note that counsel waived an opening statement but adequately cross-examined the only prosecution witness, Baldwin. Despite his post-trial admission of being unprepared for trial, defense counsel admitted to the court that he could have sought a continuance on the trial date but chose not to. Vague allegations of being unprepared are insufficient to show that Thompson was prejudiced and that the outcome of the trial would have been different had counsel been "prepared." *See Cleveland v. Graham*, 8th Dist. Cuyahoga No. 100394, 2014-Ohio-3413, ¶ 10.

**{¶11}** In addition, Thompson argues his counsel was ineffective for failing to seek a continuance of the trial in order to subpoena Carter. "In order to obtain a reversal on ineffective assistance of counsel based on a failure to subpoena a witness, a defendant must demonstrate that the testimony of the witness would be of significant assistance to the defense." *State v. Varner*, 5th Dist. Stark No. 98CA00016, 1998 Ohio App. LEXIS 4707 (Sept. 14, 1998), quoting *State v. Reese*, 8 Ohio App.3d 202, 203, 456 N.E.2d 1253 (1st Dist.1982). Thompson fails to proffer what Carter would testify to had she testified for the defense. Thus, Thompson has failed to demonstrate how the outcome of the trial would have been different if his counsel had subpoenaed Carter.

**{¶12}** Therefore, based on the record and our "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," we find Thompson is unable to demonstrate how his counsel's performance rose to the level of ineffectiveness. *Bradley*, 42

Ohio St.3d at 142, 538 N.E.2d 373. It is evident from the record that Thompson was afforded a fair trial and that substantial justice was done. *See State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *Graham*, 8th Dist. Cuyahoga No. 100394, 2014-Ohio-3413.

{¶13} Thus, Thompson's sole assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR