[Cite as *State v. Cherry*, 2026-Ohio-1386.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                              :

      Plaintiff-Appellee,                      :

                                   No. 26AP-11

v.                                                              :        (C.P.C. No. 23CR-3214)

Letwan E. Cherry,                                     :        (ACCELERATED CALENDAR)

      Defendant-Appellant.                  :

---

D E C I S I O N

Rendered on April 16, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Letwan E. Cherry*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Letwan E. Cherry, appeals from the November 20, 2025 judgment of the Franklin County Court of Common Pleas denying his motion to vacate as void his prison sentence for trafficking in a fentanyl-related compound. For the reasons that follow, we affirm the judgment below.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} By indictment filed August 4, 2023, plaintiff-appellee, the State of Ohio, charged Mr. Cherry with trafficking in a fentanyl-related compound that equals or exceeds 50 grams but is less than 100 grams, in violation of R.C. 2925.03, a first-degree felony, with a firearm specification; possession of a fentanyl-related compound in violation of R.C. 2925.11, a first-degree felony, with a firearm specification; carrying a concealed weapon in violation of R.C. 2923.12, a fourth-degree felony; and having a weapon while under

disability in violation of R.C. 2923.13, a third-degree felony. All counts stemmed from a June 19, 2023 traffic stop conducted by law enforcement that resulted in the recovery of "581 fentanyl pills as well as the firearms" following a "probable cause search." (Apr. 25, 2024 Tr. at 7.) We need not belabor the nature of these offenses, as it is not relevant to the issue before us in this case.

{¶ 3} On April 25, 2024, while represented by his court-appointed attorney, Mr. Cherry elected to withdraw his pleas of not guilty and enter into a negotiated plea agreement with the state. Specifically, the plea agreement provided that in exchange for pleading guilty to one count of trafficking in a fentanyl-related compound, a first-degree felony, the state would move to dismiss the remaining counts and all specifications. The plea form contained a jointly recommended "indefinite" prison sentence of "no less than 6 years and no more than 9 years. Jail time credit of 172 days." (Apr. 25, 2024 Entry of Guilty Plea at 1.)

{¶ 4} After accepting Mr. Cherry's guilty plea, the trial court proceeded immediately to sentencing. Following remarks from the prosecutor, defense counsel, and Mr. Cherry, the trial court imposed an indefinite prison sentence of six to nine years, with zero days of jail-time credit, as memorialized in the May 6, 2024 judgment entry of conviction and sentence. Mr. Cherry appealed from that judgment, attributing error to the trial court's failure to award jail-time credit. On appeal, this court found the trial court erred in failing to allocate any jail-time credit to his sentence. *State v. Cherry*, 2025-Ohio-1152, ¶ 24 (10th Dist.). Accordingly, we reversed and remanded the matter to the trial court to determine the number of days of jail-time credit attributable in the case below. *Id.* at ¶ 25. After ordering briefing from the parties on the calculation of jail-time credit, the trial court issued a nunc pro tunc order awarding 81 days of jail-time credit and correcting the jail-time credit reflected in the original May 6, 2024 sentencing entry. (Sept. 30, 2025 Nunc Pro Tunc Order.)

{¶ 5} On November 6, 2025, Mr. Cherry, acting pro se, filed a motion requesting the trial court vacate his prison sentence on the grounds that it is "void" and was "not authorized by law," as described more below. (Nov. 6, 2025 Mot. to Vacate at 6.) On November 20, 2025, the trial court entered a decision denying that motion.

{¶ 6}    Mr. Cherry appealed from that decision and now asserts the following five assignments of error for our review:

> [I.] [MR. CHERRY] DEMONSTRATED EXTENSIVE POST-SENTENCING REHABILITATION, INCLUDING ENROLLMENT AT SINCLAIR COMMUNITY COLLEGE, COMPLETION OF VOCATIONAL PROGRAMS, AND ACTIVE PARTICIPATION IN COMMUNITY AND LANGUAGE-LEARNING PROGRAMS. UNDER *STATE V. REED*, 2018-OHIO-4450, AND *STATE V. MANN*, 2014-OHIO-3413, COURTS HAVE DISCRETION TO REDUCE SENTENCES WHERE REHABILITATION AND EDUCATIONAL PROGRESS ARE DEMONSTRATED. THE TRIAL COURT FAILED TO ADDRESS THESE FACTORS, CONSTITUTING REVERSIBLE ERROR.
>
> [II.] [MR. CHERRY] SUFFERED CHILDHOOD TRAUMA, SUBSTANCE ABUSE, AND EXPOSURE TO VIOLENCE, WHICH OHIO COURTS RECOGNIZE AS MITIGATING FACTORS UNDER R.C. §§ 2929.11-2929.12 AND *STATE V. BARKER*, 2018-OHIO-3456. THE COURT'S FAILURE TO CONSIDER THESE MITIGATING FACTORS IN LIGHT OF REHABILITATION CONSTITUTES AN ABUSE OF DISCRETION AND VIOLATES THE STATUTORY MANDATES TO BALANCE PUNISHMENT WITH REHABILITATION.
>
> [III.] [MR. CHERRY'S] COUNSEL FAILED TO FILE A SUPPRESSION MOTION CHALLENGING THE LEGALITY OF THE TRAFFIC STOP, DESPITE CONCEDING ITS IMPROPRIETY. COUNSEL'S REFUSAL TO ACT DUE TO PERSONAL FEAR OF THE PRESIDING JUDGE CONSTITUTES DEFICIENT PERFORMANCE UNDER *STRICKLAND V. WASHINGTON*, *SUPRA*, AND *STATE V. BRADLEY*, 42 OHIO ST.3D 136 (1989). AS THE PLEA WAS ENTERED WITHOUT FULLY INFORMED CONSENT, THE DENIAL OF SENTENCE MODIFICATION PERPETUATES THE CONSTITUTIONAL VIOLATION.
>
> [IV.] WHETHER THE TRIAL COURT IMPOSED OR UPHELD A DISPROPORTIONATE SENTENCE INCONSISTENT WITH THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING UNDER R.C. § 2929.11, GIVEN [MR. CHERRY'S] LIMITED ROLE AS A PASSENGER, DISPUTED

OWNERSHIP OF THE CONTROLLED SUBSTANCES, AND PARTIAL CULPABILITY, IN VIOLATION OF THE PROPORTIONALITY STANDARD ARTICULATED IN *STATE V. HAIRSTON*, 118 OHIO ST.3D 289 (2008).

[V.] WHETHER THE TRIAL COURT'S REFUSAL TO HOLD A HEARING OR ISSUE FINDINGS ADDRESSING [MR. CHERRY'S] REHABILITATION, EDUCATIONAL ACHIEVEMENTS, AND MITIGATING FACTORS DEPRIVED [MR. CHERRY] OF DUE PROCESS AND MEANINGFUL JUDICIAL REVIEW UNDER *STATE V. REED*, 2018-OHIO-4450 (10TH DIST.), AND *STATE V. MANN*, 2014-OHIO-3413 (8TH DIST.).

(Sic passim.) (Appellant's Brief at 1-2.)

## II. ANALYSIS

**A. The issues raised in Mr. Cherry's first, second, third, and fifth assignments of error were not considered by the trial court in the November 20, 2025 judgment that is the subject of this appeal.**

{¶ 7} We begin our analysis by noting that the issues raised in Mr. Cherry's first, second, third, and fifth assignments of error were not raised in his November 6, 2025 motion to vacate. Accordingly, they were not addressed in the trial court's November 20, 2025 judgment denying his motion, which is the subject of this appeal. (*See* Jan. 7, 2026 Notice of Appeal (notifying court of his appeal from the November 20, 2025 judgment).)

{¶ 8} After the trial court denied Mr. Cherry's November 6, 2025 "Motion to Vacate Sentence as Illegal" on November 20, 2025, Mr. Cherry filed a "Motion to Modify or Reduce Sentence" on December 4, 2025. In that motion, Mr. Cherry argued his sentence should be reduced pursuant to R.C. 2929.20, citing various mitigating factors in support. Mr. Cherry also contended his trial counsel was ineffective in failing to move to suppress evidence obtained from the traffic stop and vehicle search. On January 7, 2026, the trial court entered a decision denying Mr. Cherry's December 4, 2025 motion without a hearing.

{¶ 9} Coincidentally, Mr. Cherry's notice of appeal from the November 20, 2025 judgment was not filed on the docket by the clerk of the trial court until January 7, 2026. However, in reviewing the timeliness of Mr. Cherry's filing of his notice of appeal, we found documents produced by Mr. Cherry "establish[ed] that he mailed his notice of appeal on

December 12, 2025, and that it was delivered to a mailbox in the court complex on December 16, 2025." (Jan. 15, 2026 Journal Entry at 1.) Additionally, we received independent confirmation that the clerk of our court "received [Mr. Cherry's] original notice of appeal via interoffice mail from someone in another division of the clerk's office." (Jan. 15, 2026 Journal Entry at 1.) Finding the clerk of the trial court came into possession of Mr. Cherry's original notice of appeal "sometime *before December 22, 2025*," we concluded Mr. Cherry's notice of appeal from the November 20, 2025 judgment was timely filed. (Emphasis added.) (Jan. 15, 2026 Journal Entry at 2.)

{¶ 10} Significantly, the issues Mr. Cherry raises on appeal about the application of R.C. 2929.20 (first assignment of error), consideration of mitigating factors (second assignment of error), ineffectiveness of his trial counsel (third assignment of error), and denial of his December 4, 2025 motion without a hearing (fifth assignment of error) are *only* relevant to Mr. Cherry's December 4, 2025 motion to modify or reduce sentence. None of these arguments were presented in his November 6, 2025 motion to vacate. As such, these assignments of error challenge determinations made through the trial court's January 7, 2026 judgment entry—not the November 20, 2025 judgment that is the subject of this appeal.

{¶ 11} Because the trial court's judgment denying Mr. Cherry's December 4, 2025 motion to modify or reduce sentence was not rendered until January 7, 2026—well after we deemed Mr. Cherry's notice of appeal from the November 20, 2025 judgment timely filed— the issues decided by the trial court's January 7, 2026 judgment entry are not properly before us in this case. Appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. Ohio Const., art. IV, § 3(B)(2); R.C. 2505.03. An appeal as of right "shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by [App.R.] 4." App.R. 3(A). App.R. 3(D) addresses the contents of the notice of appeal and provides that a notice of appeal "shall designate the judgment, order or part thereof appealed from." Absent exceptions not applicable here, we cannot consider arguments about a judgment that has not been appealed from in accordance with these rules. Consequently, because the trial court's January 7, 2026 judgment is not the subject of the notice of appeal filed in *this* case, we lack jurisdiction to

consider the propriety of that decision.  Accordingly, we overrule Mr. Cherry's first, second, third, and fifth assignments of error.

**B. The trial court did not err in denying Mr. Cherry's November 20, 2025 motion to vacate.**

{¶ 12}  In his fourth assignment of error, Mr. Cherry takes issue with the trial court's decision to deny his postconviction motion to vacate his indefinite prison sentence of six to nine years "as illegal." (Nov. 6, 2025 Mot. to Vacate at 2.) Mr. Cherry contends the sentence imposed by the trial court was unlawful for various reasons—none of which, we note, were raised in his November 6, 2025 motion that was the subject of the trial court's November 20, 2025 judgment denying his motion to vacate, now before us on appeal.

{¶ 13}  It is well-established in Ohio that any sentence based on an error in a trial court's exercise of its sentencing authority is voidable.  *State v. Henderson*, 2020-Ohio-4784, ¶ 43.  As a result, sentencing errors must be challenged on direct appeal from the judgment of conviction.  *See, e.g.*, *Henderson* at ¶ 1, 27, 43; *State v. Harper*, 2020-Ohio-2913, ¶ 4-5.  Because "[a] direct appeal is the available legal process to address a trial court's alleged sentencing error," a party's "failure to challenge a sentencing error on direct appeal operates as res judicata to any later collateral attack on the judgment." *Henderson* at ¶ 90 (Donnelly, J., concurring), citing *Harper* at ¶ 41 (holding that where defendant failed to raise alleged post-release control sentencing error on direct appeal, the argument was barred by doctrine of res judicata).

{¶ 14}  In this case, Mr. Cherry only challenged the trial court's jail-time credit calculation in his direct appeal.  The arguments presented by Mr. Cherry in his November 6, 2025 motion to vacate, discussed more below, challenge a voidable sentence and, thus, should have been raised on direct appeal.  Mr. Cherry cannot use a postconviction motion to challenge his sentence.  Accordingly, we find the trial court did not err in dismissing Mr. Cherry's postconviction challenge to the legality of his prison sentence on the basis of res judicata.  Even still, we find no merit in Mr. Cherry's arguments to support vacating his prison sentence.

{¶ 15}  In his November 6, 2025 motion, Mr. Cherry argued the trial court must vacate his prison sentence on the grounds that it is "void" and was "not authorized by law"

based on the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013). (Nov. 6, 2025 Mot. to Vacate at 6.) In *Apprendi*, the Supreme Court of the United States held that the Sixth Amendment requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum," except for the fact of a prior conviction, "must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi* at 490. And in *Alleyne*, the court held this principle applies equally to facts increasing mandatory minimums: "Facts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne* at 108. But both *Apprendi* and *Alleyne* noted that judicial factfinding is still permitted when a trial court is selecting a sentence within an authorized range. *See Apprendi* at 481 (stating trial courts may "exercise discretion -- taking into consideration various factors relating both to offense and offender -- in imposing a judgment *within the range* prescribed by statute" (emphasis in original)); *Alleyne* at 116 (noting the court has "long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment").

{¶ 16} In his motion to vacate his prison sentence, Mr. Cherry contended the Supreme Court of Ohio had "applied these constitutional principles" from *Apprendi* and *Alleyne* by striking "down sentencing provisions that required judicial fact-finding before imposing enhanced terms," which he claimed improperly occurred here. (Nov. 6, 2025 Mot. to Vacate at 10.) In support, he cited *State v. Foster*, 2006-Ohio-856, *abrogated in part by Oregon v. Ice*, 555 U.S. 160 (2009) (holding the considerations necessary to impose consecutive sentences on a defendant are the traditional and proper prerogative of the sentencing judge rather than the jury). In *Foster*, the court held that portions of Ohio's sentencing statutes, including the consecutive-sentence statute, were unconstitutional because they allowed a judge to increase a ***maximum*** sentence based on findings beyond those determined by a jury. *Id.* at ¶ 65-67. Even still, *Foster* recognized that a sentencing court has "full discretion to impose a prison sentence ***within the statutory range***" and is not "required to make findings or give their reasons for imposing . . . more than the minimum sentence[]." (Emphasis added.) *Foster* at paragraph seven of the syllabus.

{¶ 17} Relying on these cases, Mr. Cherry argued the trial court engaged in improper "judicial fact-finding" when it imposed a prison sentence that exceeded the mandatory **minimum** prison term statutorily required for a first-degree felony offense. (*See* Nov. 6, 2025 Mot. to Vacate at 9-10.) Under the trafficking statute, R.C. 2925.03, the type and quantity of drugs dictate the degree of the offense and its associated penalty. At the plea hearing, the state informed the court of Mr. Cherry's decision to "plead guilty to Count 1 of the indictment, trafficking in a fentanyl related compound **as a felony of the first degree**." (Tr. at 3.) Following the necessary Crim.R. 11 plea colloquy, Mr. Cherry entered a guilty plea to that offense. (Tr. at 3-7.) Thus, pursuant to former R.C. 2925.03(C)(9)(e) (in effect from July 21, 2022 until April 8, 2025), the court was required to "impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."

{¶ 18} R.C. 2929.14(A)(1)(a) provides, in relevant part, that a prison term for a first-degree felony offense committed on or after March 22, 2019 "shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code." Under the Reagan Tokes Law, 2018 Am.Sub.S.B. No. 201 (effective Mar. 22, 2019), which applied here, the trial court was required to impose an indefinite sentence consisting of a minimum and a maximum prison term. When a defendant is found guilty of (or, as here, pleads guilty to) an offense subject to this indefinite sentencing scheme, the trial court has the discretion to sentence him to any minimum sentence within the appropriate range for that offense. *State v. Hacker*, 2023-Ohio-2535, ¶ 26-28, citing R.C. 2929.14(A)(1)(a) and (2)(a). No judicial factfinding is required. *See, e.g.*, *Hacker* at ¶ 28. And the maximum sentence is calculated based on that minimum sentence. *Hacker* at ¶ 28, citing R.C. 2929.144(B)(1).

{¶ 19} Contrary to Mr. Cherry's contention otherwise, Ohio courts are not required to make findings or give their reasons for imposing more than the minimum sentence, so long as the sentence imposed is within the appropriate statutory range. *See, e.g.*, *State v. Jones*, 2020-Ohio-6729, ¶ 20; *State v. Bryant*, 2022-Ohio-1878, ¶ 22. Here, it is undisputed the trial court imposed a mandatory indefinite prison term of six to nine years, which falls within the statutory range of prison terms authorized for the offense to which

Mr. Cherry pled guilty. As such, all of the arguments made in his November 6, 2025 motion to vacate his sentence as "illegal" are without merit. (*See* Nov. 6, 2025 Mot. to Vacate at 2.) For these reasons, we overrule his fourth assignment of error.

## III. CONCLUSION

{¶ 20} Having overruled Mr. Cherry's five assignments of error, we affirm the November 20, 2025 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and DINGUS, JJ., concur.