DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Raymond T. Lininger, appeals from a judgment entered by the Lucas County Court of Common Pleas denying his pro se petition for writ of habeas corpus with memorandum and motion to dismiss. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On June 11, 2004, appellant was charged by indictment with two counts of aggravated robbery with firearm specifications in violation of R.C. 2911.01(A)(1), both first degree felonies; two counts of kidnapping with firearm specifications in violation of R.C. 2905.01(A)(2), both first degree felonies; two counts of robbery in violation of R.C.2911.02(A)(2), both second degree felonies; and one count of felonious assault in violation of R.C. 2903.11(A)(2), a second degree felony. *Page 2 
 {¶ 3} Following a jury trial, appellant was found guilty of two counts of aggravated robbery with firearm specifications, two counts of kidnapping with firearm specifications, and one count of negligent assault. On June 8, 2005, appellant was sentenced to serve a total of 26 years incarceration for these offenses.
 {¶ 4} On July 13, 2007, appellant, while serving the above sentence, filed a petition for writ of habeas corpus challenging the validity of his conviction based on a claim that the trial court lacked subject matter jurisdiction. The trial court denied appellant's petition, and appellant appealed, raising the following assignment of error:
 {¶ 5} "THE COURT LACKS SUBJECT MATTER JURISDICTION BY NOT HAVING A VALID COMPLAINT IN VIOLATION OF THE UNITED STATES CONSTITUTIONAL PROVISIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE CORRESPONDING PROVISIONS OF THE OHIO CONSTITUTION. THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED APPELLANT'S PETITION FOR WRIT OF HABEAS CORPUS WITH MEMORANDUM AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION." *Page 3 
 {¶ 6} Appellant argues in his sole assignment of error that the trial court lacked subject matter jurisdiction because the statutes under which he was charged do not contain enacting clauses as required by Article II, Section 15(B) of the Ohio Constitution and are therefore void.
 {¶ 7} Article II, Section 15(B) of the Ohio Constitution, dealing with how bills shall be passed, relevantly provides:[1]
 {¶ 8} "(A) The general assembly shall enact no law except by bill, and no bill shall be passed without the concurrence of a majority of the members elected to each house. Bills may originate in either house, but may be altered, amended, or rejected in the other.
 {¶ 9} "(B) The style of the laws of this state shall be, `be it enacted by the general assembly of the state of Ohio.'
 {¶ 10} "(C) Every bill shall be considered by each house on three different days, unless two-thirds of the members elected to the house in which it is pending suspend this requirement and every individual consideration of a bill or action suspending the requirement shall be recorded in the journal of the respective house. No bill may be passed until the bill has been reproduced and distributed to members of the house in which it is pending and every amendment been made available upon a member's request.
 {¶ 11} "(D) No bill shall contain more than one subject, which shall be clearly expressed in its title. No law shall be revived or amended unless the new act contains the *Page 4 
entire act revived, or the section or sections amended, and the section or sections amended shall be repealed.
 {¶ 12} "(E) Every bill which has passed both houses of the general assembly shall be signed by the presiding officer of each house to certify that the procedural requirements for passage have been met and shall be presented forthwith to the governor for his approval.
 {¶ 13} "(F) Every joint resolution which has been adopted in both houses of the general assembly shall be signed by the presiding officer of each house to certify that the procedural requirements for adoption have been met and shall forthwith be filed with the secretary of state."
 {¶ 14} Our review of the relevant session laws reveals that all of the statutes concerning this case were enacted as part of larger bills which, in fact, contain properly-worded enacting clauses as mandated by Section 15(B), Article II of the Ohio Constitution. Specifically, the following statutes were all enacted as part of bills that begin with the words, "Be it enacted by the General Assembly of the State of Ohio": The applicable version of R.C. 2911.01 (aggravated robbery) resulted from the enactment of House Bill 151, effective September 16, 1997; the applicable version of R.C. 2905.01 (kidnapping) resulted from the enactment of Senate Bill 2, effective July 1, 1996; the applicable version of R.C. 2941.145 (firearm specification) resulted from the enactment of Senate Bill 179, effective January 1, 2002; the applicable version of R.C. 2911.02 (robbery) resulted from the enactment of Senate Bill 269, effective July 1, 1996; the applicable version of R.C. 2903.11
(felonious assault) resulted from the enactment of *Page 5 
House Bill 100, effective March 23, 2000; and the applicable version of R.C. 2903.14 (negligent assault) resulted from the enactment of Senate Bill 239, effective September 6, 1996.
 {¶ 15} In arguing that the statutes under which he was charged lack enacting clauses, appellant apparently assumes, in error, that because the text of the Ohio Revised Code does not contain the enacting clauses, the statutes contained therein are invalid. That the enacting clauses are not necessarily reprinted in the Ohio Revised Code in no way affects the validity of the statutes themselves. See State v. Tate (Apr. 20, 1999), 10th Dist. No. 98AP-759; see, also, State v. Oatess, 5th Dist. No. 01CA47, 2002-Ohio-2455; see, also, State v. Loop (Dec. 20, 1999), 12 Dist. No. CA98-10-017; State v. Miller (Feb. 22, 2000), 12th Dist. No. CA99-02-045. Appellant's assignment of error is without merit and is therefore found not well-taken.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] Appellant incorrectly asserts that the version of the Ohio Constitution as enacted in 1802 is the version that must be followed in this case. Instead, we look to Section 15(B), Article II of the Ohio Constitution as amended effective May 8, 1973. *Page 1