{¶ 1} Defendant-appellant, Jeffrey Wittine, appeals from the court's refusal to permit his presentence motion to withdraw his guilty plea to one count of attempted gross sexual imposition. He complains that counsel acted ineffectively by negotiating the plea, that the court abused its discretion by refusing to permit withdrawal of the guilty plea, and that the court improperly influenced the plea negotiations.
 I {¶ 2} Wittine first argues that counsel acted ineffectively because counsel was unprepared for trial and had failed to interview defense witnesses, thus effectively forcing him to enter into a guilty plea.
 {¶ 3} A claim of ineffective assistance of counsel requires the defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984),466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "In ineffective-assistance claims in guilty-plea cases, `the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. Ketterer, 111 Ohio St.3d 70,2006-Ohio-5283, ¶ 89, quoting Hill v. Lockhart (1985), 474 U.S. 52, 59.
 {¶ 4} Wittine maintains that trial counsel failed to interview key witnesses, made no inquiry into the mental or physical condition of the victim, and failed to develop a cohesive trial strategy. However, none of these assertions are supported by evidence in the record. *Page 4 
Instead, they rest entirely on Wittine's representations in his appellate brief. As a reviewing court, we cannot add matter to the record before us and decide the appeal on the basis of the new matter. See State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus; State v. Hill, 90 Ohio St.3d 571, 2001-Ohio-20, at 573.
 {¶ 5} For the same reason, we reject Wittine's argument that counsel's deficient performance forced him to forego trial and enter the guilty plea, thus rendering the plea involuntary under Crim. R. 11(C). This argument likewise relies on matter that is outside the record on appeal, and thus cannot form the basis for review.
 II {¶ 6} Wittine next argues that the court erred by refusing to allow him to withdraw his guilty plea because the court did not afford him a complete hearing on the motion.
 {¶ 7} Crim. R. 32.1 permits a defendant to seek withdrawal of a guilty plea before sentence is imposed. Although presentence motions to withdraw guilty pleas should be "freely granted," State v.Peterseim (1980), 68 Ohio App.2d 211, there is no "absolute right" to the withdrawal of a guilty plea and it is within the "sound discretion of the trial court to determine what circumstances justify granting such a motion." State v. Xie (1992), 62 Ohio St.3d 521, 526. The court should conduct a hearing "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. *Page 5 
 {¶ 8} The scope of a hearing on a motion to withdraw a guilty plea is dependent upon the facial validity of the motion itself. In State v.Hall (Apr. 27, 1989), Cuyahoga App. No. 55289, we stated:
 {¶ 9} "This court's requirement for a full, fair and impartial hearing on Crim. R. 32.1 motions was first set forth in State v. Peterseim
(1980), 61 Ohio App. 2d 211. The hearing requirement was a logical corollary to this court's position that motions to withdraw guilty pleas should be fully granted when made before sentencing. In subsequent cases, however, we clarified the Peterseim holding. [I]n State v.Posta (1988), 37 Ohio App. 3d 144, we stated `* * * Peterseim is not to be interpreted to mean that every motion to withdraw a guilty plea or no contest plea should be granted as long as the motion is made prior to the sentencing.' Id. at 145. Implicit in this statement is the recognition that a court's adherence to Crim. R. 11 raises a presumption that the plea was voluntarily entered. See State v. Spence (Jan. 19, 1989), Cuyahoga App. No. 54880, unreported at 2. The proponent of the motion to withdraw the plea has the burden of rebutting that presumption by demonstrating that the plea was infirm. The motion to withdraw a plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. United States v.Navarro-Flores (C.A. 9, 1980), 628 F. 2d 1178, 1183; United States v.Dabdoud-Diaz (C.A. 5, 1979), 599 F. 2d 96, 100. Stated differently, the scope of the hearing to be held on the Crim. R. 32.1 motion should be reflective of the substantive merit of the motion itself. Hence, bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." *Page 6 
 {¶ 10} After making his guilty plea, Wittine retained a new attorney (his third during the case) and counsel filed a motion to withdraw the guilty plea on the day of sentencing. The motion contained this single paragraph:
 {¶ 11} "The Defendant, Jeffrey Wittine, discharged his previous counsel * * * and after further discussions with current counsel, he feels that he was not adequately advised of the ramifications of his plea by his former counsel. Therefore, he desires to go to trial at the present time, and it is respectfully requested that he be permitted to withdraw his plea for an additional trial date [sic] and proceed forward at trial."
 {¶ 12} When the parties convened for sentencing, the court allowed counsel to be heard on the motion to withdraw the guilty plea. Counsel stated that he was sure that prior counsel "did an excellent job in this case" and "I'm not criticizing anything that [prior counsel's] done." Instead, counsel told the court that Wittine "feels he is not guilty of this offense" and that Wittine believed that he had "numerous defenses which should be brought up in a jury trial." Counsel conceded that " [t]here's no question that you advised [Wittine] of all his rights, as did [prior counsel], but at this point, he's asked me to file a motion to withdraw his plea."
 {¶ 13} The court recalled that it had fully advised Wittine of his rights, as required by Crim. R. 11, and that there was no indication that Wittine did not understand those rights. Counsel agreed that Wittine had understood his rights, but that he had not understood the ramifications of his plea. When the court insisted that it had reviewed and discussed the ramifications of the plea with Wittine, counsel replied, "I have no doubt, your Honor, none." *Page 7 
 {¶ 14} Given the lack of substantive reasons stated as a basis for withdrawing the guilty plea, we find that the court gave Wittine's motion sufficient consideration. As counsel's statements to the court show, Wittine had no legal basis for seeking to withdraw his plea — he simply had a change of heart. Changing one's mind is not a sufficient basis for allowing the withdrawal of a plea. State v.Salter, Cuyahoga App. No. 82488, 2003-Ohio-5652, ¶ 30; State v.Lambros (1988), 44 Ohio App.3d 102, 103. The court did not abuse its discretion by refusing to allow withdrawal of the guilty plea.
 III {¶ 15} Wittine complains that the court inappropriately influenced the plea negotiations. He maintains the court's bailiff stated to him and counsel that "a settlement was desired." When the parties agreed to a misdemeanor charge, the bailiff supposedly stated that "there would be no plea to a misdemeanor but instead to a fourth degree felony gross sexual imposition." Finally, he claims this same bailiff came back with the suggestion of a fifth degree felony, but added that if the plea were not agreed to within five minutes, trial would immediately commence.
 {¶ 16} As with the other "factual" representations made by Wittine in this appeal, none of his claims are documented by the transcript of the plea hearings. The plea negotiations between the parties are not a part of the record, and the transcript of the proceedings commences with the plea hearing, by which time the parties had concluded their negotiations. The transcript shows that the only time the court's bailiff spoke on the record was to announce Wittine's case ("Judge, we have Mr. Wittine."). Once again, Wittine's *Page 8 
argument relies on matter that is outside the record on appeal; hence, we cannot review this claim. Ishmail, supra.
 IV {¶ 17} Wittine's final assignment of error is that the court lacked subject matter jurisdiction over the case because the underlying rape offenses for which he was charged did not contain any enacting clauses as required by Article II, Section 15(B) of the Ohio Constitution.[1]
 {¶ 18} We reject Wittine's argument because he "assumes, in error, that because the text of the Ohio Revised Code does not contain the enacting clauses, the statutes contained therein are invalid. That the enacting clauses are not necessarily reprinted in the Ohio Revised Code in no way affects the validity of the statutes themselves." SeeState v. Lininger, Lucas App. No. L-07-1295, 2008-Ohio-1232, ¶ 15. See, also, State v. Tate (Apr. 20, 1999), Franklin App. No. 98AP-759;State v. Oatess, Fairfield App. No. 01CA47, 2002-Ohio-2455; State v.Loop (Dec. 20, 1999), Fayette App. No. CA98-10-017. As applicable to the time frame encompassed by this case, R.C. 2903.02 was revised effective January 2, 2007, by Senate Bill 260. The preamble to that section states, "Be it enacted by the General Assembly of the State of Ohio * * *." This constituted full compliance with Article II, Section 15(B) of the Ohio Constitution. *Page 9 
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] That section states: "(B) The style of the laws of this state shall be, `be it enacted by the general assembly of the state of Ohio.'" *Page 1