JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Jeffrey Wittine, through counsel, has filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court inState v. Wittine, Cuyahoga App. No. 90747, 2008-Ohio-5745. In that opinion, we affirmed defendant's conviction for attempted gross sexual imposition. For the below stated reasons, we decline to reopen Wittine's original appeal.
 {¶ 2} To establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 688, *Page 3 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065.
 {¶ 4} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 5} In his lone proposed assignment of error, Wittine asserts that the trial court failed to hold an adequate hearing pursuant to the appellant's motion to *Page 4 
withdraw his plea. However, in his direct appeal, Wittine proposed the following assignment of error: The trial court erred by refusing to allow him to withdraw his guilty plea because the court did not afford him a complete hearing on the motion.
 {¶ 6} In rejecting that assignment of error, this court stated, "* * * The scope of a hearing on a motion to withdraw a guilty plea is dependent upon the facial validity of the motion itself. * * * After making his guilty plea, Wittine retained a new attorney (his third during the case) and counsel filed a motion to withdraw the guilty plea on the day of sentencing: The motion contained this single paragraph: The Defendant, Jeffrey Wittine, discharged his previous counsel * * * and after further discussions with current counsel he feels that he was not adequately advised of the ramifications of his plea by his former counsel. Therefore, he desires to go to trial at the present time, and it is respectfully requested that he be permitted to withdraw his plea for an additional trial date [sic] and proceed forward at trial.'
 {¶ 7} When the parties convened for sentencing, the court allowed counsel to be heard on the motion to withdraw the guilty plea. Counsel stated that he was sure that prior counsel `did an excellent job in this case' and `I'm not criticizing anything that [prior counsel's] done.' Instead, counsel told the court that Wittine `feels he is not guilty of this offense' and that Wittine believed that he has `numerous defenses which should be brought up in a jury trial.' Counsel conceded that `[t]here's no question that you advised [Wittine] of all his rights, as did [prior counsel], but at this point, he's asked me to file a motion to withdraw his plea.' The court then recalled that it has *Page 5 
fully advised Wittine of his rights, as required by Crim. R. 11, and that there was no indication that Wittine did not understand those rights. Counsel agreed that there was no indication that Wittine did not understand those rights, but that he had not understood the ramifications of his plea. When the court insisted that it had reviewed and discussed the ramifications of the plea with Wittine, counsel replied, `I have no doubt, your honor, none.' Given the lack of substantive reasons stated as a basis for withdrawing the guilty plea, we find that the court gave Wittine's motion sufficient consideration. * * *"
 {¶ 8} Since the same issue was raised and addressed by this court on direct appeal, we find that the doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In this matter we do not find that applying the principles of res judicata would be unjust.
 {¶ 9} Accordingly, based upon the above reason, we deny the application to reopen.
MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR *Page 1