[Cite as *State v. Thomas*, 2016-Ohio-4961.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103759**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN E. THOMAS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596270-A

**BEFORE:** E.A. Gallagher, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
BY: Cullen Sweeney
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Joan Bascone
Mary M. Dyczek
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant John Thomas appeals the trial court's denial of his presentence motion to withdraw his guilty pleas, filed pro se while represented by counsel, without a hearing. For the reasons that follow, we affirm the trial court's judgment.

**{¶2}** On June 25, 2015, a Cuyahoga County Grand Jury indicted Thomas on seven counts: two counts of felonious assault of a peace officer in violation of R.C. 2903.11(A)(1) and one count each of failure to comply, vandalism, drug possession, driving while under the influence and resisting arrest. The charges arose out of a May 28, 2015 incident in which Maple Heights police officer, Michael Russo, attempted to initiate a traffic stop of a vehicle Thomas was driving on Lee Road in Maple Heights. Officer Russo activated the overhead lights and audible siren of his marked police vehicle but Thomas failed to stop. During the course of the police pursuit that followed, Thomas threw a baggie of marijuana out his car window, lost control of his vehicle striking several trees, a utility pole and a marked police vehicle and allegedly traveled at a high rate of speed, in reverse, towards Officer Russo and Maple Heights police sergeant Joseph Mocsiran who avoided injury by taking cover behind Officer Russo's police vehicle.

**{¶3}** Thomas continued driving until he reached his mother's residence. He then surrendered and was handcuffed and placed into custody. Thomas allegedly continued to resist arrest and refused to comply with officers' demands to get into the police vehicle.

After Thomas was pepper sprayed, he got into the police vehicle and was transported to jail. A small glass vial of suspected marijuana soaked in PCP was found during a search incident to Thomas' arrest.

{¶4} On September 9, 2015, Thomas and the state reached a plea agreement. At the plea hearing, the state indicated that Thomas had agreed to plea guilty to an amended Count 1 (attempted felonious assault) that included both of the victims in Counts 1 and 2, Count 3 (failure to comply), Count 4 (vandalism), Count 5 (drug possession) and Count 6 (driving while under the influence). In exchange, the state agreed to dismiss the second felonious assault charge (Count 2) and the resisting arrest charge (Count 7). Defense counsel confirmed that these were the terms of the plea agreement.

{¶5} The trial judge then proceeded with the plea colloquy. She confirmed that Thomas was not under the influence of any substance that would impact his ability to understand the proceedings, that he understood what he would be pleading guilty to, that no threats or promises had been made to induce Thomas to enter a plea and that he was satisfied with the services provided by his counsel. The trial court advised Thomas of his constitutional rights and confirmed that Thomas understood the rights he would be giving up by entering his guilty pleas. The trial judge specifically explained the amendment of Count 1, i.e., "bringing in the attempt statute" and adding Officer Russo as a named victim in that count, and the effect of that amendment, i.e., reducing the charge from a felony of the first degree to a felony of the second degree, and she outlined in detail the potential penalties Thomas would face by pleading guilty to each of the counts against

him. Thomas indicated that he understood the potential penalties that could be imposed as a result of his pleas. The trial court then granted the state's motion to amend Count 1 and Thomas entered guilty pleas to the amended Count 1 and Counts 3, 4, 5 and 6 in accordance with the plea agreement. The trial court found that Thomas had entered his pleas voluntarily and the remaining counts were nolled.

{¶6} After accepting Thomas' guilty pleas, the trial court referred the case for a presentence investigation report, a mitigation of penalty report and a TASC evaluation. A sentencing hearing was scheduled for the following month.

{¶7} On September 23, 2015, Thomas filed, pro se (1) a "judicial notice," (2) a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1 and to dismiss and replace his appointed counsel and (3) a motion to "extend time for trial" to allow "new appointed counsel" sufficient time to prepare for a trial.

{¶8} In his "judicial notice," Thomas indicated that he had "dismissed" his counsel "who no longer controls the defense." He indicated that he would be filing a civil rights action alleging the use of excessive force by the Maple Heights Police Department and that he sought "[n]ew appointed counsel * * * who will aggressively defend and try this case." In his motion to withdraw his guilty pleas and to dismiss and replace his appointed counsel, Thomas claimed that his guilty pleas were "based on a deceptive phony deal set up for [him] to be suckered into being sentenced to colossal amount of years contrary to phony promises claiming the opposite would occur." He asserted that, when entering his guilty pleas, he was "under the semi-impression" that his pleas "would

only require a 1-2 year likely prison term" and that he "now realizes he will likely get 5 [to] 10 — even 15 years or more." He also claimed that based on the "grossly overblown charges," the "elements of crimes not fitting [the] facts," his "reasonable viable defenses" to the charges against him and the "amount of years [the] court 'hinted' at imposing that could end his life in prison," he was entitled to withdraw his guilty pleas.

{¶9} With respect to his motion to dismiss and replace appointed counsel, Thomas requested that his appointed counsel be replaced by another appointed attorney on the grounds that his appointed counsel was a former assistant county prosecutor, allegedly "deceived" Thomas as to what "his sentence may — could be, etc." and allegedly agreed to various continuances without Thomas' consent, "selling out [his] speedy trial rights."

{¶10} Thomas later filed a pro se "discovery demand" and a pro se motion to dismiss Count 1, as amended, and "supplement" to his motion to withdraw his guilty pleas. Thomas argued that attempted felonious assault is not a valid offense under Ohio law and that, as such, the trial court erred in accepting his guilty plea to that charge.

{¶11} The sentencing hearing was held on October 15, 2015. Thomas was represented by his appointed counsel at the hearing. At the outset of the hearing, the trial court confirmed that it had received the presentence investigation report, the mitigation of penalty report and the TASC evaluation and identified all of the motions and other documents Thomas had filed pro se since the plea hearing.[1] The trial court noted that

---

[1]It is unclear from the record whether Thomas' counsel was aware of the pro se filings prior to the sentencing hearing.

Thomas was "present in court with his lawyer" and summarily denied all the motions Thomas had filed pro se. The trial court then proceeded with sentencing.

{¶12} Defense counsel addressed the court on Thomas' behalf. He discussed Thomas' background and the circumstances of the case and indicated that both were "fairly and accurately" reflected in the presentence investigation report and mitigation report. He also addressed Thomas' pro se motions, indicating that he was "surprised" by the motions. As he explained:

> We had several conversations about these charges. I certainly repeatedly told him they were very serious and that the consequences could have been serious. I never told him he was getting probation, 100 years, five years, two years, or one year.
>
> I just indicated that, you know, he said he was accepting responsibility, and I said that that would certainly be looked upon favorably as it always is.
>
> I read the presentence report and the mitigation report, and he pretty much tells them what he told me. So I don't know where all of this recent allegations and filings took place, but we discussed this at length. He gave me the impression that he understood what happened, that it was serious, and I said we would do the best we can —
>
> THE DEFENDANT: No.
>
> [DEFENSE COUNSEL]: — under the circumstances. And, you know, certainly it was a very serious situation. * * *

{¶13} Thomas also spoke at the sentencing hearing, addressing both the charges to which he had pled guilty and the pro se motions he had filed, as follows:

> Everything [defense counsel] said is wrong. This is my life, and I was under the influence, true enough, but I understood that what I did was wrong.
>
> And I did file the motion because I was reading law books and it said Count 2 was never — was put out, the revocation of the books, which was not

right.   I didn't do what they all hyped it up to be.   They assaulted me.   Did nobody get hurt but me, and I served my time, you know.   And we didn't really talk about, you know, the necessary strategy of this guilt here.

I'm being put to the test because, you know, I work hard out there and I don't hurt nobody and I didn't try to hurt no police.   I didn't flee and elude.   I just want to go home, you know.

I bumped their car, true enough, one car, not two cars, one police car, and I said my insurance would take care of it.   They bruised my ribs and assaulted me and betrayed me while I was handcuffed and while I was complying to their demands.   And I thought about it being in this jail for almost six months that I'm tired of copping out to something that I didn't do, you know, and I'm 49 years old and I want to have an opportunity and I don't want to go to jail for anything I didn't do.

I just don't know what to say, you know, I just, you know,
            hope that you feel the mercy, deferral of my
            plea, and I did redo this over again.        * * *

{¶14} After hearing from Thomas and defense counsel, the trial court sentenced Thomas to an aggregate prison sentence of two years and nine months — two years on the attempted felonious assault charge, nine months on the failure to comply charge (to be served consecutively, as required by statute, to the sentence on the attempted felonious assault charge), six months each on the vandalism and drug possession charges (to be served concurrently to the sentence on the felonious assault), and ten days in the county jail on the driving under influence charge (for which Thomas received credit for time served).   The trial court also imposed a $525 fine and three years of mandatory postrelease control.   The trial court indicated that this was "the lowest sentence I could have given you."

**{¶15}** Thomas appealed his convictions, raising the following assignment of error for review:

> The trial court erred and abused its discretion in denying appellant's pre-sentence motion to withdraw his plea and terminate counsel without holding a hearing on the motion.

**Law and Analysis**

**{¶16}** In his sole assignment of error, Thomas argues that the trial court erred in failing to conduct a hearing on his presentence motion to withdraw his guilty pleas.[2] We disagree.

**{¶17}** In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Even before the trial court imposes a sentence, however, a defendant does not have an

---

[2]Although in his assignment of error, Thomas asserts that the trial court "erred and abused its discretion" in denying both his presentence motion to withdraw his guilty pleas and his motion to "terminate counsel" without a hearing, in his brief, he argues only that the trial court's failure to hold a hearing on his motion to withdraw his guilty pleas constitutes "reversible error." He does not argue in his brief that the trial court erred in denying his motion to dismiss and replace his appointed counsel or in failing to hold a hearing on that motion. Accordingly, we are not required to address the trial court's denial of Thomas' motion to dismiss and replace his appointed counsel without a hearing on the motion. *See* App.R. 12(A)(2) (An appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."); *see also* App.R.16(A)(7) (requiring "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies").

"absolute right" to withdraw a guilty plea. *Id.* at paragraph one of the syllabus. A mere change of heart regarding a guilty plea and possible sentence is an insufficient justification for the withdrawal of a guilty plea. *See, e.g., State v. Shaw*, 8th Dist. Cuyahoga No. 102802, 2016-Ohio-923, ¶ 7.

{¶18} Therefore, before ruling on a presentence motion to withdraw a guilty plea, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus. The scope of a hearing on a Crim.R. 32.1 motion to withdraw a guilty plea is "dependent upon the facial validity of the motion itself." *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 8; *see also State v. Elliot*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 26. "'[B]old assertions without evidentiary support * * * should not merit the type of scrutiny that substantiated allegations would merit.'" *Wittine* at ¶ 9, quoting *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602 (Apr. 27, 1989). The decision to grant or deny a presentence motion to withdraw a guilty plea is within the trial court's discretion. *Xie* at paragraph two of the syllabus. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *Id.* at 527.

{¶19} The trial court did not hear any argument on Thomas' motion to withdraw his guilty pleas before denying the motion. Thomas asserts that because the trial court summarily denied his presentence motion to withdraw his guilty pleas without a hearing,

we must reverse the judgment of the trial court and remand the matter for the trial court to hold a hearing on the motion.

{¶20} In this case, however, Thomas filed his motion to withdraw his guilty pleas, pro se. Although a defendant has the right to counsel or the right to act pro se, a defendant does not have a right to "hybrid representation." *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus, and *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "'are independent of each other and may not be asserted simultaneously.'" *Mongo* at ¶ 13, quoting *Martin* at paragraph one of the syllabus.

{¶21} When a criminal defendant is represented by counsel and there is no indication that defense counsel joins in the defendant's pro se motion or otherwise indicates a need for the relief sought by the defendant pro se, the trial court cannot properly consider the defendant's pro se motion. *See, e.g., State v. Wyley*, 8th Dist. Cuyahoga No. 102899, 2016-Ohio-1118, ¶ 9 ("where a defendant, who is represented by counsel, files pro se motions, 'and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se,' the pro se motions are not proper and the trial court may strike them from the record"), quoting *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12; *State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611, ¶ 7 ("One who is represented by counsel and who does not move the court to proceed pro se, may not 'act as co-counsel on his own

behalf.'"), quoting *State v. Greenleaf*, 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶ 70 ("Once appellant accepts counsel's assistance and does not move the court to proceed pro se, he may not 'act as co-counsel on his own behalf.'"), quoting *Thompson* at 6-7; *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11 ("Because [defendant] chose to proceed with legal representation, the court could not consider [his] motion to withdraw his plea, which his appointed counsel did not agree with.").

{¶22} In this case, Thomas filed his motion to withdraw his guilty pleas while represented by counsel. There is nothing in the record to suggest that defense counsel joined in the motion or otherwise believed a basis existed for Thomas to withdraw his guilty pleas. Indeed, the purported grounds for the withdrawal of Thomas' guilty pleas were contradicted by Thomas' own statements at the plea hearing. While Thomas claimed, in his motion to withdraw his guilty pleas, that he had been "suckered" into pleading guilty based on "phony promises" regarding the sentences he would receive, at the plea hearing, Thomas stated that he understood what he would be pleading guilty to, that no threats or promises had been made to induce Thomas to enter his guilty pleas, that he understood the potential penalties that could result from his pleas and that he was satisfied with the services provided by his appointed counsel.

{¶23} Further, although Thomas filed a motion to dismiss and replace his appointed counsel in conjunction with his motion to withdraw his guilty pleas, indicating that he did not want his appointed counsel to continue to represent him, he did not ask to

proceed pro se.   Rather, he sought to have new defense counsel appointed.   As indicated

above, the trial court denied that motion, Thomas' appointed counsel continued to

represent Thomas and spoke on his behalf at the sentencing hearing and Thomas has not

argued in his brief on appeal that the trial court's denial of his motion to dismiss and

replace his appointed counsel (or to hold a hearing on the issue) was error.[3]

---

[3]"'An indigent defendant's right to counsel does not extend to counsel of the defendant's choice.'"   *State v. Chavez*, 8th Dist. Cuyahoga No. 99436, 2013-Ohio-4700, ¶ 39, quoting *Thurston v. Maxwell*, 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965). "To discharge a court-appointed attorney, a defendant must show 'a breakdown in the attorney-client relationship of such a magnitude as to jeopardize a defendant's rights to effective assistance of counsel.'"   *State v. Coleman*, 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988), quoting *People v. Robles*, 2 Cal.3d 205, 215, 85 Cal.Rptr. 166, 466 P.2d 710 (1970).

Where, "during the course of a trial for a serious crime," a defendant questions the effectiveness and adequacy of his or her assigned counsel, "it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record."   *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969), syllabus.   "'The defendant bears the burden of announcing the grounds for a motion for appointment of new counsel.   If the defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record.'" *State v. Hawkins*, 8th Dist. Cuyahoga No. 91930, 2009-Ohio-4388, ¶ 51-52, quoting *State v. Carter*, 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998).   However, this "limited judicial duty" arises "'only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.'"   *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404,, 858 N.E.2d 1144, ¶ 68 quoting *State v. Carter*, 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998); *Hawkins* at   ¶ 53-54, 61 (although "the better practice would have been for the trial court to conduct a minimal inquiry regarding [defendant's] concerns" so as to "permit[] the trial court to quickly dispose of any nonmeritorious claims" and create "a more complete record on appeal," the trial court did not err by not conducting such an inquiry where defendant's request for new counsel was a general allegation and he did not allege specific facts that would require the appointment of new counsel).   Thomas does not contend in his brief that the allegations giving rise to his motion to dismiss and replace appointed counsel were sufficient to warrant an inquiry from the trial court in this case and counsel made no such showing when the issue was argued, for the first time, during oral argument.

**{¶24}** Had defense counsel filed a presentence motion to withdraw Thomas' guilty pleas or joined in the pro se motion Thomas filed, some type of hearing would have been required. *See, e.g., Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus; *Mongo*, 2015-Ohio-1139, at ¶ 17, citing *Wittine*, 2008-Ohio-5745; *Pizzaro*, 2011-Ohio-611, at ¶ 8. However, because Thomas filed his motion to withdraw his guilty pleas, pro se, while he was represented by counsel and the motion was not joined in by defense counsel, the trial court properly refused to consider it. *See, e.g., Mongo* at ¶ 17 (had trial court entertained defendant's pro se motion to withdraw his guilty plea while he was simultaneously being represented by assigned counsel, "this would have effectively constituted hybrid representation in violation of the established law"); *Pizzaro*, 2011-Ohio-611, at ¶ 8-9 (denial of defendant's pro se motion to withdraw guilty plea was proper "since it was not properly before the court" where defendant was represented by counsel and did not ask to proceed pro se); *State v. Brown*, 8th Dist. Cuyahoga No. 102549, 2015-Ohio-4764, ¶ 5-8 (trial court "did not have any obligation to consider" defendant's pro se motion to withdraw his guilty pleas claiming that his defense counsel was ineffective and that he was "duped" into pleading guilty prior to sentencing where defendant allowed his appointed counsel to continue to represent him); *State v. Williams*, 9th Dist. Lorain No. 11CA010026, 2012-Ohio-3417, ¶ 7-12 (where defendant, while represented by counsel, filed a pro se motion to withdraw his no contest plea and to appoint him new counsel, the trial court did not err in holding a hearing on defendant's motion to appoint new counsel, but declining to hear his motion to withdraw his plea).

Accordingly, the trial court did not err in denying Thomas' pro se motion to withdraw his guilty pleas without a hearing, and we overrule the sole assigned error.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR