[Cite as *State v. Cunningham*, 2024-Ohio-1215.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, CITY OF RAVENNA, | CASE NO. 2023-P-0058 |
| Plaintiff-Appellee, | Criminal Appeal from the Municipal Court, Ravenna Division |
| - vs - | |
| CASEY A. CUNNINGHAM, | Trial Court No. 2022 CRB 00373 R |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: March 29, 2024
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina K. Reilly,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Casey Cunningham, appeals from his conviction for Violating a Protection Order, a misdemeanor of the first degree in violation of R.C. 2919.27. Appellant has asserted one assignment of error, arguing the trial court erred by denying his presentence motion to withdraw his guilty plea.

{¶2} Having reviewed the record and the applicable caselaw, we find appellant's assignment of error is without merit. Although appellant was not counseled at the time he entered his guilty plea, appellant failed to provide a transcript of the plea hearing and we

presume the regularity of that proceeding. Further, the trial court afforded appellant a hearing on his oral motion and gave him full and fair consideration. As a defendant does not have an unconditional right to withdraw a plea prior to sentencing, we do not conclude that the trial court abused its discretion by denying appellant's presentence motion to withdraw his guilty plea.

{¶3} Therefore, we affirm the judgment of the Ravenna Municipal Court.

## Substantive and Procedural History

{¶4} On February 22, 2022, appellant was charged with one count of Violating a Protection Order, a misdemeanor of the first degree in violation of R.C. 2919.27.

{¶5} Appellant appeared for arraignment on March 10, 2022, and entered a guilty plea to Violating a Protection Order.

{¶6} The court ordered a presentence investigation (PSI) and set the matter for a PSI Hearing on May 9, 2022. Appellant failed to appear for the PSI hearing and the court issued a warrant for his arrest.

{¶7} On April 22, 2023, appellant was arrested, and the matter was reset for a new PSI hearing on May 18, 2023. Appellant again failed to appear for the PSI hearing and the court again issued a warrant for his arrest.

{¶8} Appellant was arrested on June 5, 2023, and the matter was set for a PSI hearing on June 30, 2023.

{¶9} On June 30, 2023, appellant appeared for the PSI hearing with counsel. However, the trial court said that it received a communication from the Adult Probation Department saying it could not complete the PSI because appellant did not submit to an

2

interview and left the probation department while he was waiting for paperwork. Therefore, the trial court converted the PSI hearing to a sentencing hearing.

{¶10} The Adult Probation Department read a statement from the victim into the record. Appellant's counsel then made an oral motion to withdraw appellant's guilty plea, saying appellant "has some concerns that he may have been under the influence at the time he entered his guilty plea."

{¶11} The trial court then gave appellant the opportunity to present his claims to the court, including his claims that he had been "stalked, hunted down, drugged, chloroformed, roofied, * * * from Black Lives Matter." Appellant also asserted that at the time he entered his plea, he was sleep-deprived. Referencing the validity of the underlying civil protection order, appellant claimed that he was innocent and was the victim.

{¶12} After the trial court afforded appellant a full hearing, the trial court said "Well, all right. Here's what we are going to do today. I will find that you did enter a guilty plea back on March 10th. You did sign a rights form, understanding your rights on that date. So we are going to sentence you today for that charge."

{¶13} The trial court sentenced appellant to a suspended $100 fine, 180 days jail with 90 days suspended, and ordered appellant to complete a diagnostic assessment within 30 days. The court ordered that appellant have no contact with the victim and to serve 12 months probation.

{¶14} Appellant timely appealed raising one assignment of error.

**Assignment of Error and Analysis**

{¶15} Appellant's sole assignment of error states:

3

{¶16} "[1.] The trial court erred when it denied Appellant's motion to withdraw his uncounseled plea prior to sentencing."

{¶17} Appellant argues the trial court abused its discretion by not allowing appellant to withdraw his guilty plea because he made the motion prior to the imposition of sentence, did not have the benefit of legal counsel when he entered his plea, and because he professed his innocence at the sentencing hearing.

{¶18} Under Crim.R. 32.1, a defendant may file a motion to withdraw a plea of guilty before sentence is imposed. A pre-sentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The Supreme Court has recognized that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing," but "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus. "'The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.'" *Id.* at paragraph two of the syllabus.

{¶19} This court has applied the four-factor test set forth in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980) to determine whether a trial court has abused its discretion in denying a presentence motion to withdraw a plea. *State v. Whitted*, 11th Dist. Ashtabula No. 2023-A-0017, 2023-Ohio-3530, ¶ 10, citing *Peterseim* at 214. A reviewing court considers: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) whether, after the motion to withdraw is filed, the accused was given a complete and impartial hearing on the motion, and (4) whether

4

the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Id.*, citing *Peterseim* at paragraph three of the syllabus.

{¶20} Applying the *Peterseim* factors to this case, first, appellant was not represented by counsel at the time he entered his plea. Appellant entered his plea at the time of his arraignment, and the matter was set for a PSI hearing. However, appellant twice failed to appear for the hearing, and when he did appear, he failed to submit to the Adult Probation Department for the interview. Therefore, the trial court converted that hearing to a sentencing hearing. It was only then that appellant sought to withdraw his guilty plea.

{¶21} Appellant has not provided a transcript of his plea hearing. "The duty to provide a transcript for appellate review falls upon the appellant. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993). "A reviewing court must presume that the trial court applied the law correctly." *State v. Coombs,* 18 Ohio St.3d 123, 125, 480 N.E.2d 414 (1985).

{¶22} While we know that appellant did not have an attorney, we do not know whether the trial court counseled appellant about the implications of entering his plea without counsel, informed him that he could seek to have counsel appointed, or admonished him against entering a plea at arraignment before having the opportunity to

5

discuss the matter with counsel. Without a transcript, we must presume the regularity of the proceedings. As such, we are unable to find the trial court abused its discretion under this *Peterseim* factor. *See State v. Johnson,* 8th Dist. Cuyahoga No. 111448, 2023-Ohio-371, ¶ 45 (noting that Johnson "was not represented by highly competent counsel at his plea, but only because, after lengthy admonishments by the court against doing so, he chose to proceed pro se.").

{¶23} The lack of a transcript also limits our ability to review the second factor. Therefore, we are unable to determine whether his plea fully complied with Crim.R. 11 or if there were any issues suggesting he did not enter his plea knowingly, intelligently, and voluntarily. Without a transcript to review, we must presume that the trial court afforded appellant a full hearing pursuant to Crim.R. 11 before taking his plea.

{¶24} As to the third and fourth factor, the record does demonstrate that the trial court allowed a complete and impartial hearing on his motion to withdraw and gave full and fair consideration to the request. "Inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing can constitute a full and fair hearing on the motion." *State v. Greenleaf,* 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶ 78, citing *State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶ 20. "The term 'hearing' connotes an oral proceeding wherein the defendant is given a full opportunity to present arguments on his or her behalf." *State v. Story,* 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 18, citing *State v. Pachay,* 11th Dist. Lake No. 95-L-096, 1995 WL 815350, *5-6 (Dec. 15, 1995). "Simply put, 'the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the

6

withdrawal of the plea * * * [and must consider] all the circumstances surrounding the entering of the plea.'" *Id.*, quoting *Xie,* 62 Ohio St.3d at 527, 584 N.E.2d 715.

{¶25} The scope of the hearing a trial court affords a defendant on a Crim.R. 32.1 motion to withdraw a guilty plea is "'dependent upon the facial validity of the motion itself.'" *State v. Thomas*, 8th Dist. Cuyahoga No. 103759, 2016-Ohio-4961, ¶ 18, quoting *State v. Wittine,* 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 8. Bold, unsubstantiated assertions do not merit the same scrutiny that substantiated assertions warrant. *State v. Gross,* 6th Dist. Lucas No. L-22-1001, 2022-Ohio-2434, quoting *Wittine*, at ¶ 9.

{¶26} Trial counsel explained that appellant had "concerns that he may have been under the influence at the time he entered his guilty plea. * * * And I do know he has some things that he feels very passionately about that he would like to address with the Court." The trial court then gave appellant the opportunity to present his claims to the court, including his claims that he had been "stalked, hunted down, drugged, chloroformed, roofied, * * * from Black Lives Matter." However, appellant did not link these events to his guilty plea or suggest that he was under the influence at the time he entered his plea. He did, however, assert that at the time he entered his plea, he was sleep-deprived. In this context, appellant claimed that he was innocent and was the victim.

{¶27} After the trial court afforded appellant a full hearing, the trial court said "Well, all right. Here's what we are going to do today. I will find that you did enter a guilty plea back on March 10th. You did sign a rights form, understanding your rights on that date. So we are going to sentence you today for that charge."

{¶28} A defendant does not have an unconditional right to withdraw a plea prior to sentencing. Although appellant's plea was uncounseled, appellant has failed to provide

7

a transcript of the plea hearing and we must presume the regularity of that proceeding. At the sentencing hearing, the trial court conducted a hearing to determine whether there was a reasonable and legitimate foundation for withdrawal. "It is not the role of an appellate court to conduct a de novo review of a trial court's decision in these circumstances." *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715. Accordingly, we conclude the trial court did not act unjustly or unfairly and, as such, did not abuse its discretion in overruling appellant's Crim.R. 32.1 motion.

{¶29} For the foregoing reasons, the judgment of the Ravenna Municipal Court is affirmed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

8