[Cite as *State v. Caraballo*, 2024-Ohio-5811.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                            No. 113827

    v.                                      :

JOSE CARABALLO,                         :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683311-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Liam E. Blake, Assistant Prosecuting Attorney, *for appellee*.

D.W. Smith Legal Services and Derek W. Smith, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Jose Caraballo ("Caraballo") appeals his convictions of multiple counts of robbery and theft related to the carjacking of an Amazon driver, claiming

that he was provided ineffective assistance of counsel.  After reviewing the facts of the case and pertinent law, we affirm Caraballo's convictions.

## I.    Facts and Procedural History

{¶ 2}  On October 12, 2022, Ahmad Cinah ("Cinah") was delivering packages for Amazon in the Tremont area of Cleveland.  At approximately 12:30 p.m., a blue sedan pulled up to Cinah's vehicle, which was parked in front of an apartment complex.  A male exited the passenger side of the blue sedan and pointed a gun at Cinah.  The driver of the blue sedan remained seated in the vehicle and also pointed a gun at Cinah.  The males, who were later described as Hispanic, in their early 20s, and wearing masks, demanded Cinah's keys.  Cinah gave up his keys, and the male who exited the blue sedan drove away in Cinah's vehicle.  The driver of the blue sedan also drove away.

{¶ 3}  On August 4, 2023, Caraballo was indicted for multiple counts of robbery and theft including firearm specifications.  Caraballo's case proceeded to a jury trial, and on March 14, 2024, he was found guilty of the robbery and theft counts, including the firearm specifications.  On March 28, 2024, the court sentenced Caraballo to an aggregate term of nine-to-ten and-a-half years in prison.

{¶ 4}  Caraballo now appeals raising one assignment of error for our review: "Ineffective assistance of counsel."  Specifically, Caraballo argues that his defense counsel was ineffective for failure "to subpoena an essential alibi witness."

## II. Trial Testimony

{¶ 5} In the case at hand, trial testimony established that, at the time of the carjacking at issue, Caraballo lived in the Amesbury Apartments, was employed by ABC Management, and owned a blue 2007 Toyota Yaris (the "Toyota"). It was also established that ABC Management is a property-management company and one of the properties that it manages is the Amesbury Apartments.

{¶ 6} The carjacking at issue was captured by a surveillance camera from the apartment complex at which Cinah's car was parked. The surveillance video was played for the jury at Caraballo's trial. On the same day as the offense, October 12, 2022, a Cleveland police detective viewed the surveillance video and determined that the suspects were in a blue Toyota Yaris with "heavy tinted" windows, a "donut" as the rear driver's side tire, and no license plates. Testimony established that a car with no license plates could be indicative of a stolen vehicle or "a main way of avoiding detection."

{¶ 7} The detective ran the information he had through a license plate reader system, and a matching vehicle with the license plate attached to the rear bumper was seen driving at 3:01 p.m. on October 12, 2022. The police determined that this vehicle was registered to Caraballo. That same night, the police drove to the Amesbury Apartment complex and saw the Toyota parked in front of Caraballo's apartment. The VIN number of the Toyota was obscured by a white piece of paper, and it was not visible through the vehicle's front windshield.

{¶ 8} The police spoke with Caraballo who stated that he worked all day. The police told Caraballo that his car was used in a crime that day, and Caraballo said that he "lent" his car to "his friend or his cousin," but Caraballo would not give the police a name. The detective later learned that this "friend or cousin" also worked for ABC Management but had recently been fired.

{¶ 9} As part of their investigation, the police determined that Caraballo's cell phone was inside his apartment at the time of the carjacking.

{¶ 10} The human resources payroll administrator for ABC Management testified that Caraballo was an employee at ABC and, on October 12, 2022, Caraballo clocked into work at 8:15 a.m. and clocked out of work at 10:00 a.m. Despite this, Caraballo's time card for that day shows that he worked 5.75 hours, although he was paid for working 8:15 a.m. to 10:00 a.m.

{¶ 11} The police learned through their investigation that Caraballo was not at work all day on October 12, 2022. Specifically, the police learned that Caraballo went home sick from work that day at 10:00 a.m. The detective spoke to Caraballo on the phone about this discrepancy, and Caraballo said that he "didn't know anything anymore, that he knew nothing." The detective further testified that Caraballo would not speak with him after this.

{¶ 12} The detective testified that Cinah's stolen vehicle was recovered on October 14, 2022, on Cedar Avenue, approximately eight miles from another apartment complex owned by ABC Management. Cinah's vehicle had no license plates when it was found.

## III. Law and Analysis

### A. Ineffective Assistance of Counsel

{¶ 13} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." *Id*. at 697. *See also State v. Bradley*, 42 Ohio St.3d 136 (1989).

{¶ 14} To succeed on a claim of ineffective assistance of counsel based on the failure to subpoena a witness, a defendant must show that the witness' testimony "'would be of significant assistance to the defense.'" (Cleaned up.) *Cleveland v. Thompson*, 2015-Ohio-412, ¶ 11 (8th Dist.). However, the Ohio Supreme Court has held the following regarding trial counsel's decision to call a particular witness:

> In general, "counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Treesh* (2001), 90 Ohio St.3d 460, 490, 2001-Ohio-4, 739 N.E.2d 749. See, also, *State v. Hanna*, 95 Ohio St.3d 285, 2002 Ohio 2221, 767 N.E.2d 678, P 118. Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, supra, 466 U.S. at 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*State v. Williams*, 2003-Ohio-4396, ¶ 125.

**B. Analysis**

{¶ 15} Caraballo attached to his appellate brief an affidavit, which proffers information outside the record suggesting he was home sick at the time of the carjacking. This affidavit is not part of the trial court record before us on appeal. In *State v. Jones*, 2015-Ohio-4694, ¶ 90 (8th Dist.), this court faced a similar situation:

> In support of his ineffective assistance of counsel argument, appellant proffers information outside the record to suggest he was with his child's mother, Nicole Taylor ("Taylor"), from 10:30 p.m. the night of the incident to 6:30 a.m. the next morning when he left for work. Appellant argues that the decision not to call Taylor as a witness deprived him of the opportunity to prove his innocence.

{¶ 16} In overruling Jones's ineffective-assistance-of-counsel assignment of error, this court held as follows:

> Generally, an attorney's decision whether to call a witness comes within trial strategy and will not be second-guessed by a reviewing court. . . . Moreover, appellant's argument relies on facts that are outside the record on appeal and, thus, cannot form the basis for review. *See State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 4. Consequently, we cannot find ineffective assistance of counsel on this record.

*Id.* at ¶ 91. *See also State v. Fisher*, 2020-Ohio-670, ¶ 22 (8th Dist.) ("Fisher is basing his ineffective-assistance claim on speculation that evidence outside the record would establish a reasonable probability of a not-guilty verdict on all of the charges; but when a defendant bases a claim of ineffective assistance of counsel on evidence outside of the record, postconviction relief rather than direct appeal is the proper vehicle to raise such a claim.").

{¶ 17} Ohio law is clear that appellate courts cannot second guess trial strategy, and whether to call a particular witness to testify lies squarely within trial

strategy. Furthermore, Caraballo's argument relies on evidence outside the record, which may not be reviewed on appeal.

{¶ 18} Accordingly, Caraballo's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
SEAN C. GALLAGHER, J., CONCUR